THE AULTMAN AND TAYLOR COMPANY ET AL.

v.

JOSEPH T. WEIR ET AL.

*Fraudulent Conveyances—Creditor's Bill—Fraud on Grantor's Part Only—Evidence.*

1. A conveyance will not be set aside on suit by creditors, for fraud on the grantor's part only.
2. To prove fraud, the evidence must be clear and cogent, and leave the mind satisfied.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Randolph County; the Hon. GEO. W. WALL, Judge, presiding.

Messrs. H. CLAY HORNER and T. F. ALEXANDER, for appellants.

Messrs. R. F. GODDARD and A. G. GORDON, for appellees.

Fraud of grantors alone is not sufficient to justify a court in setting aside the conveyance. Grant v. Bennett, 96 Ill. 513; Hatch v. Jordan, 74 Ill. 314; Dickerson v. Evans, 84 Ill. 451.

Fraud must be clearly proved. Something more than mere

suspicions are required to prove an allegation of fraud. The evidence must be clear and cogent, and must leave the mind well satisfied that the charge is true. Shinn v. Shinn, 91 Ill. 478.

It must be the intent of both parties to a conveyance to practice a fraud, in order to render it void. Ewing v. Runkle, 20 Ill. 448; Herkelrath v. Stookey, 63 Ill. 486; Hessing v. McCloskey, 37 Ill. 342.

An innocent purchaser from a person holding under a fraudulent conveyance is not affected by such fraud unless he has notice of such fraud. S. & C. Statute, Chap. 59, Sec. 5; Spicer v. Robinson, 73 Ill. 519; Gavagan v. Bryant, 83 Ill. 376; Bradley v. Luce, 99 Ill. 234.

Reeves, J. Appellants filed their bill in chancery seeking to set aside certain alleged fraudulent conveyances and mortgages and subject certain lands and personal property to the payment of a debt owing by Joseph T. Weir and William Weir to appellants.

The facts developed by the testimony were very numerous and we regret to say that the abstract furnished by appellants did not disclose all the material facts, and some of the testimony was inaccurately stated, so we were compelled to resort to the voluminous record of over 250 pages as the only reliable statement of all the facts of the case. This imposed upon the court great labor, which would not have been required had the abstract been such as the rules of this court require. After a careful examination of all the facts disclosed by the record, we have reached the conclusion that the allegations of fraud contained in the bill are not sustained, and that the Circuit Court properly dismissed the bill.

We do not think it necessary to go into the facts of the case in detail. To do so would extend this opinion to an unreasonable length.

It is conceded that fraud upon the part of the grantor alone will not justify a court of chancery in setting aside a conveyance.

We do not consider that the evidence establishes fraud on

the part of the grantees in the conveyances which the bill seeks to set aside as frandulent. Many isolated facts may be found in the record, which, considered alone and disconnected from the other facts proven in the case, would tend to excite a suspicion of fraud, but when all the facts of the case are considered together we do not find that fraud upon the part of the grantees is proven. Fraud must be clearly proved. Something more than mere suspicion is required to prove an allegation of fraud. The evidence must be clear and cogent and must leave the mind satisfied that the charge is true. Shinn v. Shinn, 91 Ill. 478.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*