Illinois Paper Co. v. Northwestern National Bank.

THE ILLINOIS PAPER COMPANY

V.

THE NORTHWESTERN NATIONAL BANK.

*Insolvency—Assignments—Preference of Creditors—Payment of Debt by Insolvent Prior to Assignment.*

1. The mere fact of the payment of a debt by an insolvent, after he has determined to make an assignment, and who, thereafter, in pursuance of such determination, does assign, does not constitute a fraudulent preference which will be set aside.

2. It has uniformly been held in this State in respect to the statutes for the prevention of frauds and perjuries, that both debtor and creditor must have had an intent to hinder, defraud or delay creditors in order to bring the transaction within the purview of the statute.

[Opinion filed January 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Appellant filed its bill against appellee, setting forth that it is a judgment creditor of one Charles N. Trivess, to the amount of over $2,000; that execution has been issued upon the said judgment, and that said Trivess has no property or assets upon which the said execution can be levied; that the said Trivess on the 17th day of October, 1890, made a general assignment for the benefit of his creditors, under the statute of this State regulating such assignments; that while the said indebtedness to appellant was in full force, and while said Trivess was insolvent and after he had resolved, concluded and determined to make the said general assignment, he paid to appellee the sum of $4,750 in payment of his note then held by appellee, but which note had not then matured or become payable, and which would not mature or become due or payable until the 30th day of October, 1890; and by said payment said Trivess paid his indebtedness to appellee in full, and thereby designed and intended to make and give to appellee, in fraud of the provisions of the statute, a preference; that by making such payment, the amount thereof was fraudulently withheld from coming to the hands of the assignee for distribution among the general creditors of said Trivess, as the law provides; that the assets and estate of the said Trivess that have come into possession of the assignee or within the jurisdiction of the County Court of Cook County under the said assignment, are wholly inadequate and insufficient to pay the *bona fide* indebtedness of said Trivess in full and are only sufficient to pay a small percentage of the same; and that by the said unlawful preference given to appellee, appellant, as a *bona fide* creditor of Trivess, was greatly defrauded.

The bill further states that the making of the assignment and the payment to appellee were parts of one transaction and constituted an assignment, with a preference to appellee, of the said sum of $4,750, in violation of the prohibition of the statute aforesaid, and that the preference is void; and prays

that the payment to appellee be decreed a fraudulent prefer-
ence and void, and that the same be subjected to the pay-
ment of the said indebtedness to appellant; that appellee be
decreed to pay to appellant so much or such part of said
indebtedness as it shall be entitled to after applying such
percentage or dividend as the assets of said Trivess, under the
jurisdiction of the County Court in the matter of the assign-
ment, may produce, and for other and further relief.

Appellee filed a general demurrer to the bill, which demurrer
the Circuit Court sustained, and dismissed the bill for want
of equity.

Mr. MATTHEW P. BRADY, for appellant.

Mr. CHARLES M. STURGES, for appellee.

WATERMAN, P. J.    The question presented in this case, is,
whether the reception of payment by a creditor from an in-
solvent debtor, who, when he makes the payment has deter-
mined to make an assignment, and who, in pursuance of such
determination does thereafter make an assignment, is such a
preference, under the provisions of the insolvency law of
this State, as that the payment will be set aside and the creditor
be compelled to pay the money into court for the benefit
of a creditor or creditors of the debtor; the creditor at the
time of the payment to him receiving it in good faith, with-
out knowledge or notice either that the debtor was insolvent
or contemplated making an assignment.

True, the bill in this case sets forth that the notes paid were
not due when payment was made, and that the debtor, the
day after payment, made an assignment; but these allega-
tions are immaterial, because it is not charged that the bank
had even a suspicion of either the insolvency of its debtor or
that he contemplated making an assignment.    Had notice to
the bank of the determination to make an assignment been
charged, upon a hearing, the fact that the notes were paid
before they were due, might have been material as tending to
show such notice, and so also, if an answer denying the charges

of this bill had been filed, the limited time that elapsed between the payment and the assignment would have been material, as tending to show that the determination to assign existed when the payment was made; but as notice to the creditor is not charged, and the demurrer admits the determination to assign, neither the fact that the notes when paid were not due, nor the fact that an assignment was made the next day, is material.

The question remains as stated : Does the mere fact of payment of a debt by an insolvent when he has determined to make an assignment, and who thereafter, in pursuance of such determination, does assign, constitute a preference which will be set aside ? If so, logically, it can make no difference that the determination to assign is not carried into effect for a year afterward.

Counsel for appellant quote at large from published opinions of the Supreme Court in Preston v. Spaulding, 120 Ill. 208; Hide & Leather Nat'l Bk. v. Rehm, 126 Ill. 461; and Hanford Oil Co. v. First Nat'l Bk., 126 Ill. 584. It is sufficient to say in respect to the quotations from those cases, urged upon this court, as this court and the Supreme Court said in Farwell v. Nilsson, 133 Ill. 45, 35 Ill. App. 164, that " The language of an opinion is to be confined by the facts of the case which the court is considering." Each of the cases upon which appellant relies, was an instance in which the act held to be a fraudulent preference was not a payment, but was a giving of security or a placing of the creditor in a position which enabled him to obtain a preferential lien. The distinction between making a payment whereby an absolute title at once passes, and the creating of a mere lien, is pointed out in Van Patten & Marks v. Burr, 52 Iowa, 518, cited as Van Patten v. Marks, by the Supreme Court in Preston v. Spaulding, 120 Ill. 223.

Such cases are not authority for the contention of appellant in this case. The construction of the act concerning assignments for the benefit of creditors, insisted upon by appellant, is not in accordance with that placed upon the statutes of this State concerning fraudulent transfers. It has uniformly been

held in respect to the provisions of the statutes for the prevention of frauds and perjuries, that both parties must have had an intent to hinder, delay or defraud creditors, in order to bring the transaction within the purview of the statute. Ewing v. Runkle, 20 Ill. 448; Hatch v. Jordon, 74 Ill. 414; Myers v. Kinzie, 26 Ill. 36; Hessing v. McCloskey, 37 Ill. 341.

It is sought, as regards the statute regulating assignments, to change the salutary rule of the above mentioned cases and to punish a perfectly innocent party for a fraudulent act of another, of which he had no notice. The far-reaching consequences of the position assumed by appellant are obvious. If appellant apprehends the law correctly, no creditor is safe in treating as his own, money he has received in payment of debts, until time and circumstances have demonstrated that in paying him, his debtor had no intention of giving a preference, or then had not determined to make an assignment. We can not believe that the legislature in enacting this statute intended to bring within its scope, payments *bona fide* received, without notice by the creditor that his debtor contemplated making an assignment.

The decree of the Circuit Court dismissing the bill will be affirmed.

*Decree affirmed.*