# JOHN M. LOCKE ET AL.
## v.
# WILLIAM C. DUNCAN.

*Fraudulent Sales—Trespass.*

1.   Whether a given debt was an honest one, and a sale made to the creditor of a stock of goods was made in good faith, are questions of fact for the jury in a given case.

2.   A creditor acting in good faith may take all the goods of his debtor in satisfaction of his debt, although he knows by so doing he leaves his debtor with no means to satisfy the debts of other creditors.

3.   Where, in an action of trespass against creditors of the debtor attaching after the sale, such sale being alleged to be fraudulent, and throughout the whole course of the litigation in the court below no other defense is alleged, no attention will be paid to the point first raised herein, that the defendants were not shown by the evidence to have had any connection with the trespass.

4.   The entry of a remittitur is proper.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge, presiding.

Mr. WILLIAM D. BARGE, for appellants.

Messrs. MORRISON & WOOSTER, for appellee.

MR. JUSTICE HARKER. In May, 1891, George W. Duncan, a retail dealer of merchandise at Dixon, Illinois, being in failing circumstances, sold and delivered his stock of goods to his brother, William C. Duncan. Appellants, Locke, Huleatte & Co., creditors of George W. Duncan, upon the ground that the sale and transfer was fraudulent, caused a writ of attachment to be sued out of the Circuit Court of Lee County and placed in the hands of George F. Stainbrooke as sheriff.

Stainbrooke levied upon an amount of the goods equal in

value to $793, and took them from the possession of William C. Duncan. An action of trespass was brought in the Circuit Court and a trial was had resulting in a verdict against the attaching creditors and sheriff for $1,125. On motion for a new trial being made a remittitur of $332 was entered. The motion for a new trial was overruled and judgment entered for $793, the value of the goods taken.

The chief contention of appellants is that the verdict is against the evidence. They insist that the goods were at the time of the levy the property of George W. Duncan, and that the pretended sale to appellee was made without consideration and for the purpose of defrauding his creditors.

Appellee testified that in the spring of 1885 he loaned his brother $750, and soon after entered his service as a clerk at a salary of $300 per year and his board; that he continued at such salary for four years, when it was raised to $450 per year, and that he worked at that salary for two years. He further testified that he drew none of his salary and was paid none of the money loaned, having other funds out of which to meet his personal expenses; that when he came to realize the embarrassed condition of his brother he undertook to bring him to a settlement and payment of what was due him, and thereby obtained from him a judgment note for $3,000; that after judgment had been recovered upon the note and execution issued and levied upon his brother's goods, his brother executed a bill of sale of the stock to him and put him in possession, whereupon the execution was returned satisfied.

Appellee was not contradicted, nor was he in any manner impeached as a witness; but appellants insist that his testimony was so absurd and unreasonable as to be unworthy of belief. We are unable to take that view of it. Evidently, the jury were favorably impressed with his account of the matter and his manner of testifying. Whether the debt was an honest one and the sale was made in good faith, were questions of fact falling within their province to decide. In the absence of error upon any other part of the proceed-

ings, we should not disturb their finding unless it appeared to be manifestly and palpably against the weight of the evidence.

We see no evidence of bad faith on the part of appellee. He does not appear to have taken any step not allowable by law to a creditor seeking the security and collection of his claim against a failing debtor. Under the law in our State he had the right to take the entire stock of goods in satisfaction of his debt, although he knew that by so doing, his brother would be left with no property out of which other creditors could satisfy their debts, provided he acted in good faith. Hessing v. McCloskey, 37 Ill. 353; Hatch v. Jordon, 74 Ill. 414; Schroeder v. Walsh, 120 Ill. 404.

No error was committed by the court in allowing the plaintiff to enter a remittitur. It is a practice so well recognized by the courts of this State that a discussion of it is unnecessary.

It is next urged that the judgment should be reversed because appellants Locke and Huleatte were not shown by the evidence to have had any connection with the trespass. They were not upon the ground and it does not appear that either of them directed the levy or had any personal knowledge of its being made. It does appear, however, that one Robert Hunt, the credit manager of Locke, Huleatte & Co., who went to Dixon to look after the claim, employed an attorney and made the affidavit in which the attachment writ issued. It was at his instance that the proceedings were instituted, and he knew that the goods which he saw in the possession of appellee would be attached. Throughout the entire contest in the Circuit Court, Locke, Huleatte & Co. defended upon the ground that the sale of the goods to appellee was fraudulent, and that the taking of them was justified under the writ. Such a contention can not prevail under the circumstances, when now made for the first time.

We see no error of the court in ruling upon testimony, nor in passing upon the instructions offered.

The judgment should be affirmed.

*Judgment affirmed.*