## Loucheim et al. v. Seyfarth et al.

1. *Fraud—Not Presumed, When.*—Where a firm engaged in merchandising, sold out their business to another firm, to whom they were indebted in a large amount, and the purchasers took possession, immediately removed the sign board, put their own in its place and advertised the change, *it was held*, that the sale was not necessarily fraudulent because one of the firm of the vendors was employed to remain in the store as a salesman, by the purchasers, after the sale.

2. *Courts—Finding of the Trial Court.*—The finding of the lower court is always given great weight in the Appellate Court, from the fact that the judge trying the case, and hearing and seeing the witnesses, is in better position to judge of the weight proper to be given to the evidence than the Appellate Court, that court not having the benefit of the presence of the witnesses and of hearing them testify; therefore, unless the finding of the court below is greatly against the weight of the evidence, its judgment will not be disturbed.

Memorandum.—Creditor's bill. Appeal from the Circuit Court of Carroll County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, A. D. 1893, and affirmed. Opinion filed December 12, 1893.

The statement of the facts is contained in the opinion of the court.

HENRY MACKAY, attorney for appellants.

APPELLEES' BRIEF, GEORGE L. HOFFMAN, ATTORNEY.

An insolvent debtor has the right to sell his property to pay his debts, and where the design of such an act may be traced to an honest and legitimate source equally as well as to a corrupt one, no fraud can be presumed. Bowden v. Bowden, 75 Ill. 143; Wood et al. v. Shaw et al., 29 Ill. 444; Waddams v. Humphrey, 22 Ill. 663.

The law allows a debtor in good faith to prefer a particular creditor, when the creditor is seeking to secure his debt in good faith. Morris v. Tillson et al., 81 Ill. 607.

Where a vendee employs his vendor as a clerk to sell goods, although the fact may excite suspicion, it is not fraudulent. Warner v. Carlton, 22 Ill. 415.

A debtor has a right to sell his stock of goods to a creditor in satisfaction of his debt. The mere doubt of the fairness of such transaction is not sufficient; fraud must be proved by a preponderance of the evidence. Waterman v. Donelson, 43 Ill. 29; Dreyer et al. v. Durand et al., 80 Ill. 561; Nelson v. Smith et al. 28 Ill. 495; Holbrook v. First National Bank, 10 Brad. 140; C., B. & Q. R. R. Co. v. Watson et al., 113 Ill. 196.

The presumption of law is that dealings between relatives are fair and honest without any wrongful or fraudulent intent, and no presumption of fraud attaches to such dealings. Schroeder v. Walsh, 120 Ill. 403; Baldwin v. Freydendall, 10 Brad. 106; Mey et al. v. Gulliman, 105 Ill. 272.

Where the witnesses in a chancery suit are examined orally on the hearing, so that the judge has the same facilities for judging of their credibility as in a trial at law, the error in the finding of fact must be clear and palpable to authorize a reversal. Coari v. Olsen, 91 Ill. 273; Lane v. Lesser et al., 135 Ill. 567.

OPINION OF THE COURT, LACEY, J.

This was a bill in equity brought by appellants against appellees in the nature of a bill of discovery seeking to set aside the sale of a stock of dry goods, boots and shoes, clothing, and book accounts, made by appellee, Edward Seyfarth, to his uncle, Charles Seyfarth, and Henry Baier, also appellees. The nature of the transaction was that prior to the sale of the stock of goods and book accounts, occurring on December 21, 1889, the appellee, Edward Seyfarth, was the owner of the goods and engaged in business in retailing them, and in the course of his business became indebted to appellants for goods furnished him by them, in the course of trade, amounting to the sum of $425, on account of which indebtedness the appellants, on June 27, 1891, recovered a judgment for that amount in the Circuit Court of Carroll County, against the appellee, Edward Seyfarth. Execution was afterward issued on this judgment and returned by the sheriff of said county, no property found. Afterward this

bill was filed to set aside the sale above named as fraudulent. On the 15th day of March, 1893, the case was heard in the Circuit Court on bill, answer and replications, and on oral evidence heard in open court, principally on the evidence of Edward Seyfarth, introduced by appellants. It appears from the evidence that the appellee, Edward Seyfarth, prior to the sale, had been engaged in the retail dry goods business in the said county, and had become largely indebted beyond his ability to pay, owing the appellees, Charles Seyfarth and Henry Baier, something over $9,000, besides other debts amounting to $6,000, embracing that of appellants; that in this condition of affairs, desiring to prefer his uncles, he sold his entire stock of goods in his store and book accounts, which had been invoiced the June previously at $14,000, $3,000 of which were book accounts, to his said uncles, for the amount of their claim against him, and gave them the possession of the goods and the store building containing them, and the books containing the account; that thereafter they had continued to occupy the building and carry on the store until a short time prior to this trial, when they sold out to Johnson & Co. In order to establish the fraud claimed, the appellants' main complaint is that appellee Edward Seyfarth remained in the store as salesman, from, at or near the day of the sale, and that such fact was sufficient to fix the transaction as fraudulent, and to shift the burden of proof upon the purchasers to show to the contrary. We think, however, that all the facts shown by the evidence were not sufficient to establish the allegations of the bill as respects fraud, even *prima facie*. The evidence shows that immediately after the sale, appellees Charles Seyfarth and Henry Baier took possession of the stock of goods and the store, and removed Edward Seyfarth's sign and placed their own over the door in its stead, and advertised the change of ownership and the sale of the goods, and that Edward Seyfarth went out of the store, and was not employed by the purchasers as managing salesman for about ten days thereafter, when he was employed at $75 per month to manage and conduct the business, the

purchasers not being experienced men in that line of trade; but ever afterward Seyfarth and Baier gave the business close attention. Appellants' judgment in question was not rendered for a year and a half after the sale, when the public generally knew of the changed ownership of the store. The appellants claim that there was a great inadequacy of consideration, apparently because the goods had been invoiced at $14,000. We think, however, that the evidence fails to establish such charge, the goods being an old stock and damaged by fire, occurring previously, and some shop worn, and some of the accounts were uncollectible; and no witness swears that the stock of goods would have brought more than $9,000 in the general market. The circuit judge heard the witnesses orally and found the issues against the appellants. The finding of the lower court is always given great weight in the Appellate Court from the fact that the judge trying the case, and hearing and seeing the witnesses, is in better position to judge of the weight properly to be given to the evidence than the Appellate Court, not having the benefit of the presence of the witnesses and of hearing them testify; therefore, unless the finding of the court below is greatly against the weight of the evidence, its judgments will not be disturbed. We think, under all the evidence in the case, the appellants failed to establish the charge of fraud in the sale, and that the Circuit Court was justified in dismissing the bill. The decree of the Circuit Court is therefore affirmed.