Berkey & Gay Furniture Co. v. Thein.

---

## Berkey & Gay Furniture Co. v. Jacob Thein et al.

| 89 | 207 |
| 95 | 5 99 |
| 89 | 207 |
| 100 | 5 541 |

1. FRAUD—*Not to be Presumed.*—Fraud is not to be presumed, and where an act may be traced to an honest intent as well as to a corrupt one, the former is to be preferred.

2. SAME—*Strict Proof Required.*—Something more than a mere

suspicion is required to prove an allegation of fraud. The evidence must be clear and cogent and must leave the mind satisfied that the charge is true.

3. SAME—*Vitiates Every Transaction—Application of the Rule—Innocent Purchaser.*—Fraud so vitiates and taints in law and equity every transaction as to render it void not only as to the actual perpetrators, but also as to those who connive at and seek to profit by it. But it is not in harmony with the principles of law or equity to declare void a conveyance to an innocent purchaser because of the fraud of his vendor.

4. FRAUDULENT CONVEYANCES—*Intention of the Parties—Vendor and Vendee.*—In order to impeach a conveyance for fraud, both the vendor and vendee must be shown to have intended to commit the fraud before the deed can be avoided. Both parties must contrive the conveyance with fraud, malice, covin, collusion or guile. They must both be guilty of the contrivance and intent.

5. TRIALS BY THE COURT—*Findings of Fact.*—When the trial court has an opportunity of seeing and of hearing their testimony as it is delivered orally, the findings of such court upon mere questions of fact, where the testimony is conflicting, will not ordinarily be disturbed on appeal unless such findings are clearly and manifestly against the preponderance of the evidence.

**Creditor's Bill.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 15, 1900.

**Statement.**—This is a creditor's bill, brought by appellants, Berkey & Gay Furniture Company and Chicago Stove Works, both corporations, against Jacob Thein, The Atlas National Bank of Chicago, Siegel, Cooper Company, M. Kaufmann, Aaron Feltenstein and Gustave Thein, for an accounting for the proceeds of personal property, alleged to have been conveyed by the defendant, Jacob Thein, for the purpose of defrauding complainants.

The bill charges that prior to May 9, 1894, Jacob Thein was engaged in business at 258 and 260 Wabash avenue; that said Thein conceived the design of purchasing goods on credit from complainants and others, with a view to making a fraudulent disposition thereof to his own gain and advantage; that on the 8th of May, 1894, colluding with the Atlas National Bank, he pretended to borrow $15,000, gave three notes of $5,000 each, payable in thirty, sixty and

Berkey & Gay Furniture Co. v. Thein.

ninety days after date, and then executed and delivered a chattel mortgage prétending to secure said notes; that it was then agreed that the chattel mortgage should not be filed for record or acknowledged, to the end that the same might be unknown to complainants or any creditors of said Jacob Thein; that the mortgage and notes were left with the said bank with the intention that the bank should seize all of the stock in trade, personal property, furniture and assets of the said Thein, and dispose of the same at private sale, and thereby prevent complainants and other creditors of Thein from collecting their just debts and claims; that said bank only advanced about $8,000; that on May 9th the bank seized all of stock of said Jacob Thein at 258 and 260 Wabash avenue under the pretended authority of said chattel mortgage.

That on or about the 9th day of May, 1894, Thein executed to his brother, Gustav Thein, co-defendant, a note and mortgage for $7,000; that said note and mortgage were without adequate consideration, and were fraudulently made for the purpose of carrying out the scheme of cheating said Thein's creditors, and in part to excuse and appear to justify the fraudulent sale of the stock of goods at 258 and 260 Wabash avenue, to the co-defendant, Siegel, Cooper Co.

That on said May 9, 1894, after said stock had been seized by the bank, Thein executed his promissory note for $2,250 to the order of M. Kaufmann, co-defendant, and pretended to secure the same by chattel mortgage upon said stock, which note and mortgage were without due and adequate consideration, and were fraudulently made, to give color to and appearance of justification for said fraudulent sale of stock.

That on said 9th day of May, 1894, said Jacob Thein executed a note for $2,500, to the order of Aaron Feltenstein, and pretended to secure the same by the execution of a so called chattel mortgage on said stock of goods, which mortgage was made at or about the time the stock was seized by the bank; that said note and mortgage were without due and adequate consideration, and were fraud-

ulently designed for the purpose of giving color to the fraudulent sale of the stock, as hereinafter mentioned; that the bank, in collusion with Thein, and for the purpose of hindering, delaying, cheating and defrauding complainants and other creditors of said Jacob Thein, made a fraudulent sale and disposition of all the stock of goods of the said Jacob Thein in the building known as 258 and 260 Wabash avenue, to the defendants, Siegel Cooper Co., for a grossly inadequate and fraudulent price and consideration, without adequate examination or inventory of the goods; that Siegel, Cooper Co. fraudulently designing to hinder, delay and cheat the creditors of said Jacob Thein, immediately concealed said goods, and mingled the same with other goods which they had theretofore owned, in such a way as to make it impossible for complainants or other creditors of Jacob Thein to identify the same.

A decree was prayed that said co-defendants of said Jacob Thein account to complainants for said stock of goods, and pay and satisfy the amount due on the judgments of complainants, and that said transfers be set aside.

The allegations are denied in the separate answers filed by said defendants.

Trial was had and a decree rendered against the defendant Feltenstein for $1,000, and dismissing the bill as to the other defendants, from which decree complainants appeal.

FLOWER, SMITH & MUSGRAVE, attorneys for appellants.

Fraud is most commonly proved by facts and circumstances and not by direct testimony. Wait on Fraudulent Conveyances, Sec. 224; Cowling v. Estes, 15 Ill. App. 261; Reynolds v. Gawthorp, 37 W. Va. 3; Butler Paper Co. v. Robbins, 151 Ill. 588; Treadwell v. McEwen, 123 Ill. 253; Youngs v. Bank, 59 Ill. App. 152; Ketcham v. Hallock, 55 Ill. App. 632.

A purchaser with notice of fraudulent intent on the part of the seller is held to be a participant in the fraud, although he pays adequate consideration. Wait on Fraudulent Conveyances, p. 362; Bump on Fraudulent Convey-

Berkey & Gay Furniture Co. v. Thein.

ances, 199; Beidler v. Crane, 135; Ill. 99; Singer v. Jacobs, 11 Fed. Rep. 561.

Where a purchaser has notice of facts and circumstances naturally calculated to awaken suspicions of a fraudulent intent in the seller, he is held to be a participant in the fraud. Bump on Fraudulent Conveyances, 202; DeWitt v. Van Sickle, 29 N. J. Eq. 215; Green v. Tantum, 19 N. J. Eq. 110; Doyle v. Teas, 4 Scam. 250; Beidler v. Crane, 135 Ill. 99; Hanchett v. Goetz, 25 Ill. App. 458; Oakford v. Dunlap, 63 Ill. App. 503; Singer v. Jacobs, 11 Fed. Rep. 561; McTeagh v. Baxter, 82 Mo. 518.

Smith, Helmer, Moulton & Price, attorneys for the Atlas National Bank, appellee.

Fraud of grantors alone is not sufficient to justify a court in setting aside a conveyance; it must be the intent of both parties to a conveyance to practice a fraud in order to render it void. Grant v. Bennett, 96 Ill. 513; Hatch v. Jordon, 74 Ill. 414; Dickerson v. Evans, 84 Ill. 451; Ewing v. Runkle, 20 Ill. 448; Herkelrath v. Stookey, 63 Ill. 486; Hessing v. McCloskey, 37 Ill. 342; Altman & Taylor Co. v. Weir, 34 Ill. App. 615.

It is a fundamental principle that fraud is not to be presumed, and that where an act may be traced to an honest intent as well as a corrupt one, the former should be preferred; fraud will not be inferred where the acts charged as fraudulent can be fairly accounted for consistently with all the evidence as done in good faith and for an honest purpose. Dexter v. McAfee, 163 Ill. 509; Chicago Stamping Company v. Hanchett, 25 Ill. App. 204.

The finding of the lower court in chancery is given great weight in the Appellate Court, and unless the finding of the court below is greatly against the weight of evidence, its judgments will not be disturbed. Loucheim v. Seyfarth, 49 Ill. App. 561.

Binswanger & Jackson, attorneys for Siegel, Cooper Co., appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appeal having been dismissed as to the appellees Feltenstein and Kaufmann, upon their motion for lack of compliance by appellants with the order allowing an appeal, it seemingly remains for us to consider the case as to the appellees Atlas National Bank and Siegel, Cooper Company only. Any review by us, therefore, of the original fraud alleged, is eliminated from the case except in so far as claimed participation therein by either of the two last named appellees may make it necessary.

Assuming therefore, that Thein and his associates planned, and so far as they were concerned executed, a gross fraud upon Thein's creditors generally, the only question we need to decide is as to whether the two named appellees, or either of them, knowingly participated in the scheme and partook of its profits.

"It is a fundamental principle that fraud is not to be presumed, and that where an act may be traced to an honest intent as well as a corrupt one, the former should be preferred." Dexter v. McAfee, 163 Ill. 508.

Although there may exist circumstances surrounding a transaction that would excite the suspicions of an honest man, " yet the rule remains that fraud will not be presumed but must be proved, and that it will not be inferred where the acts charged as fraudulent can be fairly accounted for consistently with all the evidence as done in good faith and for an honest purpose." Chicago Stamping Co. v. Hanchett, 25 Ill. App. 198.

"Something more than mere suspicion is required to prove an allegation of fraud. The evidence must be clear and cogent and must leave the mind satisfied that the charge is true." Altman and Taylor Co. v. Weir, 34 Ill. App. 615.

There is another equally applicable and well settled principle of law that, in order to justify the setting aside of a transaction on the ground of fraud, it must appear that it was the intent of both parties to the contract to practice the fraud complained of.

" Though it be true that fraud so vitiates and taints in

law and equity every transaction as to render it void, not only as to the actual perpetrators but also as to those who connive at and seek to profit by it, still, it is not in harmony with the principles of law or equity to declare void a conveyance to an innocent purchaser because of the fraud of his vendor." Dickerson v. Evans, 84 Ill. 451.

"In order to impeach a conveyance for fraud, both vendor and vendee must be shown to have intended to commit the fraud before the deed can be avoided." Hatch v. Jordon, 74 Ill. 414.

"The law is that both parties must contrive the conveyance with malice, fraud, covin, collusion or guile. They must both be guilty of the contrivance and intent." Hessing v. McCloskey, 37 Ill. 341.

The transactions with the bank and with Siegel, Cooper Company were in numerous respects out of the ordinary course of business, and in some features excite suspicion; but on the other hand we are unable to specifically point out any one act, or a combination of acts, by them or either of them, that may not be properly consistent with the exercise of a free right of lawful and honest contract.

In a great commercial community large transactions both in money and merchandise are often made on short notice and without much previous acquaintance either between the particular parties or with the particular subject-matter of the contract.

Many, if not most of such dealings are the result of intermediate agencies, and the law is not disposed to disturb such transactions where it does not appear either directly or by circumstances that no honest and reasonably prudent dealer might engage in them without being chargeable with an evil and fraudulent design. And this is so even though the other party to the transaction has the perpetration of a deliberate fraud in view.

A recitation of the substance of the evidence as applied to the bank concerning the making of the loan by it, and as applied to Siegel, Cooper Company, concerning the purchase of the stock of goods, would require much space and probably be of little value in any other controversy and we omit it.

We have, however, examined into the whole evidence

with careful attention in respect of every point made by appellants, and are convinced that the decree dismissing the bill as to the bank and Siegel, Cooper Company, was clearly justified.

In Lane v. Lesser, 135 Ill. 567; which was a case where, like this one, the evidence was taken orally in open court before the chancellor, the rule is stated to be well settled, " that when the trial court has an opportunity of seeing the witnesses and of hearing their testimony as it is delivered orally, the findings of such court upon mere questions of fact, where the testimony is conflicting, will not ordinarily be disturbed on appeal, unless such findings are clearly and manifestly against the preponderance of the evidence." See also Coari v. Olsen, 91 Ill. 273; Loucheim v. Seyfarth, 49 Ill. App. 561.

But in the present case, there being so much to consider by way of inference, we have not restricted ourselves to applying the rule as stated, but have made a diligent and independent examination of our own, with the result that we are satisfied that the decree is right.    Affirmed.