## The German-American National Bank of Aurora v. Minnie B. Hoffman, et al.

### Gen. No. 4,481.

1. FRAUDULENT CONVEYANCE—*burden of proof to establish.* The burden of proof is upon the party alleging it to establish the fraudulent character of a conveyance; all presumptions are in favor of the honesty and good faith of the transaction.

2. FRAUDULENT CONVEYANCE—*what proof essential to establish.* In order to justify a decree declaring a conveyance fraudulent and void, the proof must show that both parties participated in the fraudulent intent.

3. FRAUDULENT CONVEYANCE—*mere preference does not constitute.* A debtor has a right to prefer a creditor and the mere fact that he does so in making a conveyance of his property, does not render such conveyance fraudulent.

Bill in nature of creditor's bill. Appeal from the Circuit Court of Kane County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 25, 1905.

FRANK G. PLAIN and R. G. MONTONY, for appellant.

CHARLES WHEATON, for appellees.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is a bill in equity filed by The German-American National Bank of Aurora, Illinois, against Minnie B. Hoffman and Gustavus A. Hoffman and Christian Abel, administrator of the estate of Amelia Hoffman, to set aside a conveyance made by Amelia Hoffman and her husband, Conrad Hoffman, to Minnie B. and Gustavus A. Hoffman, on the ground that the conveyance was made with a fraudulent intent to hinder and delay the appellant in the collection of its debt against Amelia and Conrad Hoffman.

The answers of Minnie B. and Gustavus A. Hoffman deny all of the material allegations of the bill, while the answer of the administrator of Amelia Hoffman admits the allegations of the bill. Upon a hearing in the Circuit

Court, a decree was rendered dismissing appellant's bill, and the case is brought to this court by appeal.

The evidence shows that Conrad and Amelia Hoffman were husband and wife, and that Minnie B. and Gustavus A. were their children. Prior to March 1, 1897, Conrad Hoffman owned a homestead on LaSalle street in the city of Aurora, where he and his wife resided; he also owned a business house where he conducted a cigar business since 1864.

Gustavus Hoffman was about 35 years of age, but the evidence shows that he had continued to work for his father until about the year 1900; Minnie B. was also of full age. She had been for a number of years engaged in earning her own living by teaching school in the public schools of Aurora. The business of Conrad Hoffman had fallen off, until in the year 1897, he was financially embarrassed. Before this time he had an endowment insurance policy on his life payable to Amelia, his wife; this policy was collected, and the money was used by Conrad to apply on his debts. Just when the policy matured is not shown. Conrad never repaid his wife, except by the conveyance hereinafter mentioned.

Conrad Hoffman was indebted to appellant $939.31 for money borrowed, which was represented by several notes with interest, payable to the bank. On March 1, 1897, Conrad conveyed his homestead and also his store property to his wife, Amelia; the grantee, however, did not join in the deed; the consideration mentioned in this deed is $8,000, but there is no evidence of any other consideration than the proceeds of the endowment insurance policy and whatever interest may have accrued on it, the original amount of which was $1,000. So far as the evidence shows, Conrad Hoffman was not indebted to any other person than appellant, except his indebtedness to his wife on account of the insurance policy, and his indebtedness to his children, which is hereinafter stated.

After the conveyance to Mrs. Hoffman, the appellant bank, having learned of the execution of the deed, called on Conrad Hoffman for an adjustment of his debt. The

matter was adjusted by giving a new note signed by Conrad Hoffman and Amelia, his wife. The effect of this transaction was to give appellant the full amount of security that it had before the property was conveyed to Mrs. Hoffman. Subsequent to this, and on the 8th day of August, 1898, another note for $75 was executed to appellant by Amelia and Conrad Hoffman for borrowed money. On the 6th day of August, 1900, and while these notes were still unpaid to the bank, Amelia Hoffman conveyed the real estate, which she had obtained from her husband, to appellees, her husband joining in the deed. Within a short time after the execution of this deed Amelia Hoffman died. In addition to the indebtedness to appellant, Mrs. Hoffman was indebted to other parties in the sum of $150 for improvements made on the Main street store.

It is this last conveyance from Amelia Hoffman and her husband to their children which is sought to be set aside as fraudulent by the present suit. Appellant probated its claim against the estate of Amelia Hoffman, which, together with unpaid interest, amounted to $1,078.20, no part of which has been paid.

Appellant's contention is, that the conveyance to appellees is fraudulent and void; that the same was made with an intent to hinder and delay the creditors of the grantors. The errors assigned and insisted upon present the single question of whether, under the evidence, the court was justified in dismissing appellant's bill.

The evidence shows that upon the date of the execution of the deed to appellees that Gustavus Hoffman held notes against his father, part of which were also signed by Amelia, amounting with accrued interest, to something more than $1,600, and that this money was due for services rendered by G. A. Hoffman to his father after he had attained his majority. It also appears that Gustavus had, on two or three occasions, quit his father's employment because he had not received his money; it also appears in evidence that Minnie B. had loaned her mother money which she had earned as a teacher, and held her mother's notes, se-

cured by a mortgage upon the homestead property, for §350, and that there was due her also for money which she had advanced to pay taxes upon the homestead. $150; and it is also shown that she had advanced other sums of money to her mother with which to pay interest upon a mortgage that was upon the store property. The aggregate amount of indebtedness due appellees at the time of the conveyance was approximately $2,200, which formed a part of the consideration for the deed in question. There was a mortgage of $3,500 principal, with two years' accrued interest at six per cent. due on the store property; and it was also shown that the store property had been sold for taxes; and that there were special assessments for paving purposes against the store property amounting to $150; the total amount of the encumbrance, taxes and other charges against the store property was $4,252.71. The homestead was encumbered by the $350 mortgage due Minnie B. The encumbrances upon the two pieces of property is thus shown to be something over $4,700; to this should be added $1,000 exemptions in the homestead, which could not be the subject of a fraudulent conveyance; adding to this the amount of indebtedness existing in favor of appellees, the consideration for this conveyance is shown to be about $8,000.

We have examined the evidence bearing upon the question of the value of the properties at the time of this conveyance, and without entering into a discussion of it in detail, we are satisfied with the finding of the court that there was no such inadequacy of consideration as to warrant an inference of fraud.

It was incumbent upon appellant to establish the allegations of its bill that this conveyance was made with the fraudulent purpose charged; all presumptions are in favor of the honesty and good faith of the transaction; and where fraud is alleged, the burden is cast upon the party charging it to establish it by clear and satisfactory proof. Hatch v. Jordon, 74 Ill. 414; Callahan v. Ball, 197 Id. 318.

In order to justify a decree declaring a conveyance fraudulent and void, the proof must show that both parties

participated in the fraudulent intent. Murry Nelson & Co. v. Leiter, 190 Ill. 414.

The evidence in this case wholly fails to show that either of the appellees had any notice of the existence of appellant's debt. The deed appears to have been made in good faith, for the purpose of paying appellees for money that was *bona fide* due them, and that the consideration paid and assumed is substantially all that the property was worth at the time the deed was made.

The grantors in this deed had the right to prefer appellees and to convey to them, in good faith, a sufficient, amount of real estate to pay them whatever was actually due. German Insurance Company v. Bartlett, 188 Ill. 165; Bank v. Lyon, 185 Ill. 343.

But we do not regard the conveyance from Conrad Hoffman to his wife as being directly involved in this suit. Even though it may be true that appellant could have maintained a bill as against this conveyance, still we regard the taking of the note signed by Amelia Hoffman and her husband after this conveyance, as a waiver of any right appellant might have to question the good faith of that conveyance. So far as the conveyance to appellees is concerned, the evidence in this record is scarcely sufficient to raise a suspicion of fraud, much less to prove it by a preponderance of the evidence.

Finding no error in the record, the decree of the Circuit Court is affirmed.

*Affirmed.*