The opinion of the Court was drawn up by
Tenney, C. J.
This action is against the defendants as common carriers for hire, on account of their alleged failure to deliver one hundred casks of calcined plaster, in good order, at the place to which they engaged to carry it. It is not denied, that the defendants were common carriers for hire, and generally subject to the responsibilities which the law imposes upon persons so engaged.
In order that the owner of property may recover damages of a common carrier for hire, for loss or injury of goods committed to him to be carried to a given place, it is necessary that he should prove a contract, express or implied, for their carriage; the delivery of the goods to the carrier; and the breach of the contract. 2 Stark. Ev., 330.
An implied promise is usually relied upon, arising from *344 the receipt of the goods for carriage, by the carrier, or by one acting for him, at his office or place of business. Ibid, 330.
The foregoing facts being established, it is incumbent on the carrier to prove performance. And, to support an averment of loss or injury, it is enough to show that the goods have not arrived or have received an injury. Ibid, 335.
• At common law, a common carrier for hire is responsible for all losses, excepting those occasioned by the act of God, or the enemies of the king. By the act of God is meant inevitable accident, and is distinguished from an accident, which arises from some act of man. By king’s enemies are meant public enemies, with whom the nation is at open war. Ibid, 335.
So stringent is the law, touching common, carriers, that it treats them as insurers against all, but the excepted perils, upon that distrust, which an ancient writer has called the sinew of wisdom. Story on Bailments, § 490; Forward v. Pittard, 1 T. R., 27; Riley v. Horn, 5 Bing., 217. The law of.this country is the same as that of England. 2 Kent’s Com., 470.
The agent of the defendants gave to the plaintiffs a bill of lading in the following words and figures: — "Red Beach, Me., May 27, 1857. Received from George R.-Tarbox & Co., one hundred bbls. of calcined plaster, to be delivered in good order to Messrs. S. N. Beals & Co., Portland, by steamer.” (Signed,) " George Hayes.”
The plaster in question was damaged on its arrival in Portland, but whether before or after its delivery to the defendants, was a question in the case, and evidence was offered thereupon, by one side and the other.
It was contended on the part of the defendants, that the burden of proof was on the plaintiffs, to show that the plaster was damaged, while in the possession of the defendants. That, as common carriers, the phrase "good order” in the receipt given by the defendants’ agent, referred to the external appearance of the packages, and was not even prima *345 facie evidence in relation to the quality of the contents; and that the plaintiffs, in order to recover, must show affirmatively that the injury occurred through want of diligence or neglect of the defendants; and the defendants also requested the Court to instruct the jury that, unless they were satisfied by the evidence that the injury occurred while the plaster was in the possession of the defendants or their agents, the verdict should be for the defendants.
The Court did not so instruct the jury, but instructed them, that the burden of proof was on the plaintiffs, and that the receipt or bill of lading, signed by George Hayes, dated May 27, 1857, was prima facie evidence that the plaster was in good condition when received by the defendants, but that it was not conclusive ; that it was competent for the defendants to prove that the plaster was damaged before it came into their possession.
The burden of proof does not shift from the party upon whom it was originally thrown, upon the production of evidence sufficient to make out a prima facie case, unless the other party defends under a new and distinct proposition, having no connection with the first, attempted to be sustained by the other side. If the result of the case depends upon the establishment of the proposition, on whom the burden was first cast, the burden remains with him throughout, though the weight of evidence may be one side or the other, according as each may from time to time have introduced fresh proof. State v. Flye, 26 Maine, 312.
If, after the plaintiffs had offered the bill of lading, and the defendants had introduced evidence to show that the plaster was damaged before it was received by them, but failed to establish to the satisfaction of the jury that fact, but still such was the evidence in the case that the jury were not satisfied that the plaster was in good order when the defendants received it, the jury were required by the instruction, touching the burden of proof, to find for the defendants.
This was more favorable to the defendants than the law *346 in decided cases. In the case of Hastings v. Pepper, 11 Pick., 41, it is said, that "the signing of a bill of lading, acknowledging to have received the goods in question in good order and well conditioned,” is prima facie evidence that, as to all circumstances which were open to inspection and visible, the goods were in good order, but it does not preclude the carrier from showing, in case of loss or damage, that the loss produced from some cause, which existed, but was not apparent, when he received the goods, and which, if shown satisfactorily, will discharge the carrier from liability. But in case of such loss or damage, the presumption of law is, that it was occasioned by the act or default of the carrier, and, of course, the burden of proof is upon him, to show that it arose from a cause existing before his receipt of the goods for carriage, and for whicli he is not responsible.
It was contended, for the defendants, that the phrase "good order,” in the receipt, referred to external appearances of the packages alone. No case has been cited where this distinction between this phrase and "well conditioned” has been recognized, but they have been treated as substantially the same. In the quotation, whioh we have just made from the opinion in Hastings v. Pepper, both phrases were used in the receipt, and it was regarded as prima facie evidence, that, as to all circumstances which were open to inspection and visible, the goods were iii "good order,” and to show that they were not in "good order,” the burden was on the carrier.
If we consider the precise meaning of the two phrases, independent of their respective relations to the subject matter in question, we cannot regard the phrase "well conditioned,” as having reference to the contents of the casks, more than the plirase "good order.”
The last clause of the defendants’ proposition, the first of which we have just considered, that in order to recover, the plaintiff must show that the loss was by want of diligence or neglect of the defendants, is placing the liability of a *347 common carrier in the same category of an ordinary bailee. This is entirely inconsistent with the principles applicable to the former, and cannot be admitted.

Exceptions overruled, judgment on the verdict.

Appleton, Cutting, Goodenow, Davis and Kent, JJ., concurred.