WYLLIAN K. DEXTER *et al.*

*v.*

JOHN A. McAFEE *et al.*

*Filed at Mt. Vernon November 11, 1896.*

1. FRAUD—*is not to be presumed.* Where an act may be traced to an honest intention as well as a corrupt one, the former should be preferred.

2. PLEADING—*in chancery—complainant charging fraud must specifically state facts relied upon.* Complainant seeking to set aside a deed for fraud must specifically state the facts relied upon as constituting such fraud.

3. APPEALS AND ERRORS—*when demurrer to bill seeking to set aside a deed for fraud is properly sustained.* Where a bill seeking to set aside a deed for fraud fails to allege that the deed was obtained by any misrepresentation amounting to fraud, or that a party who has since transferred the property was not an innocent purchaser, a demurrer to the bill is properly sustained.

APPEAL from the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

This was a bill in equity, filed for the purpose of setting aside certain deeds for a number of lots situated in a place called Alta Sita Park, in St. Clair county. The bill alleges the facts in the case, as follows: The lots described were in the first place owned by Mrs. Dexter, one of the complainants. In the year 1893 she entered into a contract with one Elza R. Roe, by which she agreed to convey the same to him upon certain conditions and upon the payment of certain sums of money mentioned in the contract. This contract for a deed was afterwards duly assigned by Roe to his wife. After that time a verbal arrangement was made between Mrs. Dexter and Mrs. Roe that Mrs. Dexter should convey the said lots to Mrs. Roe, and that Mrs. Roe should convey them to John A. McAfee in exchange for a stock of merchandise located at Holden, Mo., and that Mrs. Roe should give her note to Mrs. Dexter, secured by a valid first lien upon said

goods and chattels, for the balance due for said lots according to the terms of the first contract. Thereupon Mrs. Roe entered into a contract in writing with said John A. McAfee for the exchange of these lots for the goods. Afterwards Mrs. Dexter conveyed to Mrs. Roe, and she to one James T. McAfee, both deeds being duly executed, acknowledged, delivered and recorded. The bill alleges that the conveyance was made to James T. McAfee at the special instance and request of said John A. McAfee, who then and there stated that James was his brother, and that he (James) had no interest in the transaction, and had no knowledge that it was made to him as grantee, and that he would hold the same in trust for the use of him, the said John A. McAfee. It is also alleged that Mrs. Roe failed to get possession of the stock of merchandise, and that John A. McAfee delivered it to other parties and placed it beyond his control, and that afterwards said James T. McAfee and wife conveyed the land, by a deed duly recorded, to one S. W. Jurden, who was not an innocent purchaser for value, and that such conveyance was made for the purpose of aiding John A. McAfee in defrauding the complainants.

A general demurrer was interposed by John A. McAfee, James T. McAfee and S. W. Jurden, the other two defendants, Mr. and Mrs. Roe, having defaulted. The court below sustained the demurrer. The complainants standing by their bill, the same was dismissed. The appeal questions the ruling upon the demurrer.

JESSE M. FREELS, for appellants.

R. D. W. HOLDER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is a fundamental principle that fraud is not to be presumed, and that where an act may be traced to an honest intent as well as a corrupt one, the former should be preferred. Fraud being a conclusion of law, it is in-

cumbent upon the party who alleges it to state the facts which constitute it, and to state them specifically. So far as the defendants who interposed the demurrer are concerned, no relationship or dealing whatever with the complainants is shown to have existed. Mrs. Dexter dealt with Mrs. Roe. Mrs. Roe dealt with John A. McAfee. There is no allegation of any confederation between Mrs. Roe and John A. McAfee, or of any conspiracy on their part to defraud her. Neither was there any misrepresentation on the part of Mrs. Roe to Mrs. Dexter. The arrangement between them was that Mrs. Roe should pay for the lots she had a contract for, by giving her note secured by a lien on a stock of goods in Holden, Mo., which she expected to buy of John A. McAfee. Accordingly deeds were passed from Mrs. Dexter to Mrs. Roe, and from the latter to James T. McAfee, but in some way, not specifically disclosed by the bill, there was a failure on the part of John A. McAfee to deliver to Mrs. Roe the stock of merchandise according to her contract with him.

In the first place, the bill nowhere alleges that Mrs. Roe obtained the deed for the lots from Mrs. Dexter by means of any misrepresentations amounting to fraud, nor do the facts which are set up in the bill warrant any such deduction. The fact that Mrs. Roe failed to obtain the stock of goods from John A. McAfee, and therefore was unable to give any lien upon it to Mrs. Dexter, does not imply that it was her intention to defraud Mrs. Dexter in the transaction. In the second place, the bill fails to connect either John A. McAfee, James T. McAfee or S. W. Jurden therewith, if such an inference could be drawn. Again, it does not appear from the allegations of the bill that James T. McAfee was not an innocent purchaser for value. The statement of John A. McAfee to that effect, in the absence of a direct averment in the bill that the facts so stated were true, is manifestly an insufficient averment, especially in a case charging fraud.

There are other grounds of objection to the bill, but any one of these was sufficient to justify the court in sustaining the demurrer.

The judgment is affirmed.

*Judgment affirmed.*