(No. 16255.—Decree affirmed.)
IDA P. WYMAN, Appellant, *vs.* MARY HAGEMAN *et al.*
Appellees.

*Opinion filed June 18, 1925—Petition stricken October 8, 1925.*

1. REGISTRATION OF TITLE—*proceeding is governed by rules of chancery.* A proceeding to register title under the Torrens law is a chancery proceeding, and, except as otherwise provided by statute, is governed by the rules of chancery practice.

2. SAME—*court may order restoration of lost deed.* In a proceeding to register title, the court, under sections 15 and 25 of the Torrens law, may order the restoration of a lost deed where such deed is the basis of the title or interest, legal or equitable, of one of the parties to the proceeding in the premises sought to be registered; and a petition for such order is germane to the original proceeding.

3. JUDGMENTS AND DECREES—*when decree may direct master to execute deed after five years from expiration of the redemption period—cross-bill.* Under section 30 of the statute on judgments and decrees the court has authority to enter a decree directing a master in chancery to execute a deed on the certificate of purchase at a foreclosure sale after the expiration of five years from the expiration of the period of redemption, where the facts show that the holder of the certificate is entitled to the same; and such relief may be granted upon a cross-bill or cross-petition where the title to the land is involved in the original bill or petition.

4. SAME—*decree entered by a court having jurisdiction cannot be collaterally attacked.* Jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill or petition states a case belonging to the general class over which the authority of the court extends and the court has jurisdiction of the parties, a final judgment or decree which is not appealed from cannot be collaterally attacked; and it is immaterial how irregular or erroneous the proceedings may have been.

5. SAME—*when the finding in regard to collateral issue is final.* The final decision from which an appeal lies does not mean, necessarily, only such decisions or decrees as finally determine all the issues presented by the pleadings, but a final determination of a collateral matter distinct from the general subject of litigation affecting only the parties to the particular controversy and finally settling that controversy is also a final and appealable order.

6. DEEDS—*word "issue" implies delivery of master's deed.* The word "issue," in a finding that a prior deed was issued upon a

certificate of sale, means something more than the mere writing out of the deed and placing it among the files in the master's office, and imports as well such a delivery as would give validity to the deed.

7. SAME—*equity will entertain suit to restore a lost deed.* The right to have title to real estate appear properly on the record is a substantial property right which the law guarantees to a land owner, and equity will entertain the suit of a grantee for the restoration of a lost deed when such relief is necessary for the protection of his rights in respect to the land granted, and will restore the deed even if no other relief be demanded by the bill, provided the rights of others will not thereby be violated.

8. SAME—*new deed relates back and gives effect to lost deed.* Where a lost deed is restored by the making of a new deed by the master in chancery under the order of court, the new deed does not take effect from the time it is made but relates back to the time of the making of the lost deed and gives effect and validity to such lost deed.

9. MORTGAGES—*when decree ordering restoration of lost master's deed is final.* A decree, entered in accordance with the prayer of a cross-petition in a proceeding to register title, ordering the restoration of a "lost deed previously issued" upon a certificate of purchase at a foreclosure sale is a final determination that said deed was issued within the five-year period after the expiration of the period of redemption, and where no appeal is taken the question whether such deed was issued cannot be raised in a subsequent proceeding.

10. SAME—*effect of a master's deed.* A master's deed conveys to the grantee therein named all the title, estate and interest, of every nature and kind, of the person against whom the execution was issued or the decree of foreclosure rendered in and to the premises thereby conveyed.

11. SAME—*recital in a master's deed is prima facie evidence.* Where papers are required by law to be issued their recitals are *prima facie* evidence of the facts recited therein, and a master's deed which shows on its face that it was issued to restore a former deed which had been issued by the master in apt time is *prima facie* evidence of the issuance of the prior deed.

12. EQUITY—*right to redeem may be lost by failure to assert it in reasonable time.* The right to redeem is governed by equitable principles, and such right may be lost unless it is asserted within a reasonable time and before the situation of the parties has changed or the rights of third parties have intervened and improvements been made.

DUNN, C. J., dissenting.

318—5

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

HARRY C. KINNE, for appellant.

SAMUEL SHAW PARKS, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Owing to the manner in which the record in this case has been abstracted it has been necessary to search the record itself to ascertain several of the controlling facts. From an inspection of the record we find that as far as the evidentiary facts are concerned there is but little conflict in the evidence.

On the 11th day of July, 1892, Godfrey Schmidt, who was the owner of the real estate in controversy in this case, together with his wife, executed certain notes, and a trust deed to secure the same, running to Theodore H. Schintz as trustee, which trust deed was recorded in the recorder's office of Cook county on the 19th day of July, 1892. Subsequently Dora Hageman became the owner of the trust deed and notes, and upon default being made in the payment of the notes she filed her bill for foreclosure on the 7th day of May, 1903, against Godfrey Schmidt and others, in the circuit court of Cook county. Thereafter such proceedings were had in the cause, and a decree of foreclosure was entered and a sale of the premises in question was duly made by William Fenimore Cooper, then a master in chancery of said court, on the 25th day of January, 1905, at which sale Dora Hageman purchased the property; that thereafter a certificate of sale was recorded in the recorder's office of Cook county by the master in chancery, reciting that Dora Hageman had purchased the property, and that unless the same was redeemed according to law she would be entitled to a deed to the premises on April 26,

1906. After April 26, 1906, and within five years there-
after, Dora Hageman filed with the master in chancery her
certificate of purchase. The same was canceled by him, and
he made out, signed and acknowledged, as master in chan-
cery, a deed to the premises to her, which deed remained
in his office for some years, but whether it remained there
until the expiration of five years from April 26, 1906, is
not shown by the evidence in the case. The master testi-
fied that he did not know whether the deed had ever been
delivered or not. There is evidence in the record to the ef-
fect that after the master was elected judge of the superior
court of Cook county some of his old papers were destroyed,
but whether or not the deed to Dora Hageman was one
of those papers is not shown by the evidence. She paid
the taxes on the premises in question for the years 1899 to
1915, both inclusive. She also paid special assessments on
the premises for various public improvements, including
sewer, cement sidewalks at different times, water service-
pipes, drains, for deficiency assessments and assessments
for paving the streets adjacent to the property. She died
intestate on the 26th day of September, 1916, leaving her
surviving as her only heirs-at-law her children, Augusta
Hageman, Mary Hageman, Emma L. Shappcott, Lulu G.
Parmen and Charles Hageman, Jr., appellees herein.

December 21, 1916, Ida P. Wyman, appellant, presented
her petition to the judges of the circuit court of Cook county
in chancery sitting, under the Land Registration act, asking
to have the title to the land in question registered in her,
making as parties thereto Jennie H. Schintz, the unknown
owners of the master's certificate of sale dated January 25,
1905, issued in the case of Dora Hageman *vs.* Godfrey
Schmidt *et al.,* the unknown heirs-at-law and devisees of
Dora Hageman, deceased, the unknown owners of notes
secured by trust deeds dated April 1, 1896, from William
Conway and wife to Theodore H. Schintz and Theodore
H. Schintz trustee. She set·up that "any and all said trus-

tee claims," and the dates therein mentioned, were barred under the Statute of Limitations. The Hageman heirs appeared and filed their answer to the application setting up the foreclosure proceeding above mentioned, and alleged that within five years after April 26, 1906, Dora Hageman made application for a deed under the certificate of sale, and that said deed was thereafter issued but that she neglected to place the same upon record, and denied the right of appellant to registration of title. Thereafter, on June 29, 1917, the Hageman heirs filed their petition in the circuit court of Cook county in said proceeding, alleging that Dora Hageman during her lifetime purchased at the master's sale the premises in question; that a certificate of sale bearing date of January 25, 1905, was issued by the master in chancery and recorded in the recorder's office of Cook county, which certificate stated that the purchaser would be entitled to a deed on April 26, 1906; that shortly after April 26, 1906, she made application to the master in chancery for a deed to be issued to her upon the master's certificate of sale; that thereafter a deed was duly issued by the master in chancery within less than five years after April 26, 1906; that they were advised by the master that the deed was not called for and lay among a pile of papers on his desk for a long time; that he held the same with the expectation that Dora Hageman, or someone acting in her behalf, would call for the same; that thereafter many of the papers which belonged to him as master were through inadvertence destroyed, and that he believed that said deed was in that way inadvertently destroyed, as he had made search for the same and it could not be found. The petition prayed for an order of the court instructing Carl R. Chindblom, the successor of William Fenimore Cooper as master in chancery of the court, to restore the lost deed by issuing to the petitioners, as the only heirs-at-law and next of kin of Dora Hageman, a master's deed conveying to them the premises in question. To this petition appellant filed her answer deny-

ing the jurisdiction of the court to enter the order asked for, denying that Dora Hageman made application for a master's deed, and denying that a deed was issued by the master on the master's certificate. Issues thus being formed by the petition and the answer of the appellant thereto, a hearing thereof was had before one of the judges of the circuit court of Cook county, who, after hearing the evidence produced by both parties, on September 27, 1917, ordered that the prayer of the petition be granted and that Carl R. Chindblom, as master in chancery of the court, be instructed to restore the lost deed, and to that end to execute as master in chancery, and deliver to the petitioners, a master's deed to bear date the 26th day of April, 1906, conveying to Dora Hageman, her heirs and assigns, the premises in question, said deed to contain in apt words reference to the certificate of sale upon which it was founded, and to further state that it was executed to restore the lost deed previously issued upon such certificate of sale in accordance with the decree of the court. To the entry of this decree appellant excepted and prayed an appeal to the Supreme Court of Illinois, which appeal was allowed, conditioned upon filing an appeal bond and certificate of evidence. This appeal never was perfected. In accordance with this decree Chindblom, as master in chancery, executed and delivered a master's deed to the premises in question and the same was recorded in the recorder's office of Cook county.

February 19, 1920, appellant filed an amended and supplemental petition to register the title to the premises in her, and appellees filed a cross-petition to have the title registered in them. Appellant's petition was in substance the same as the original petition, except that the amended petition made parties thereto Charles J. Marhoefer, D. Arnold and the unknown owners of a tax sales certificate dated October 17, 1917, and a special assessment sales certificate dated December 3, 1917. Prior to that time testimony had been heard by a former examiner of titles, and this was by

consent considered by the examiner to whom the matter was referred. He also heard other testimony, and reported that the restored master's deed was null and void and a cloud on the title; that appellant was the owner of the premises and entitled to possession, and recommended a decree confirming her title subject to the payment to the purchaser at the tax sale of the taxes paid by him, and interest. The court sustained exceptions of appellees to the report of the examiner and entered a decree finding appellees to be the owners in fee simple, and the title was ordered registered in them subject to the right of appellant to redeem from the foreclosure sale to Dora Hageman within one year, and reimbursement to another defendant for taxes paid. The right to redeem from the foreclosure sale was granted appellant for the reason that she is said to have acquired a deed from a grantee of the mortgagor who was not made a defendant to the foreclosure proceeding. From the entry of this decree appellant has perfected an appeal to this court.

It is contended by appellant that the circuit court was without jurisdiction to entertain the petition for the restoration of the lost deed. Section 15 of the Torrens act, under which the premises were sought to be registered, provides as follows: "The application for registration may be made to any court having chancery jurisdiction in the county where the land is situated, and such court shall have power to inquire into the condition of the title to and any interest in the land, and any lien or encumbrance thereon, and to make all such orders, judgments and decrees as may be necessary to determine, establish and declare the title or interest, legal or equitable, as against all persons, known or unknown, and all liens and encumbrances existing thereon, whether by law, contract, judgment, mortgage, trust deed or otherwise, and to declare the order and preferences as between the same, and to remove clouds from the title, and for that purpose the said court shall be always open, and such orders, judgments and decrees may be made and en-

tered as well in vacation as in term time." (Smith's Stat. 1923, p. 474.) Section 25 provides as follows: "The court may, in any proceeding under this act, find and decree in whom the title to or any interest in the land is vested, whether in the applicant or in any other person, and remove clouds upon the title, and also whether the same is subject to any lien or encumbrance, estate, trust or interest, and declare the same, and may order the registrar of titles to register such title or interest, and in case the same is subject to any lien, encumbrance, estate, trust or interest, give directions as to the manner and order in which the same shall appear upon the certificate of title to be issued by the registrar, and generally may make any and all such orders and decrees as shall be according to equity in the premises, and as shall be in conformity to the principles of this act."

The proceeding to register title under this act is a chancery proceeding, and, except as otherwise provided by the statute, is governed by the rules of chancery practice. (*Amundson* v. *Glos,* 271 Ill. 209.) The language of the sections above quoted, in addition to the general powers of a court of chancery, is sufficiently broad to authorize the court, in a proceeding of this kind, to order the restoration of a lost deed where such deed is the basis of the title or interest, legal or equitable, of one of the parties to the proceeding, in the premises sought to be registered, and a petition for such order is germane to the original proceeding. Where the title to the land and the foreclosure proceeding set up in a cross-bill or cross-petition are involved in the original bill or petition, the circuit court has authority, under the cross-bill or cross-petition, to enter a decree directing a master in chancery to execute a deed on the certificate of purchase at a foreclosure sale after the expiration of five years from the expiration of the period of redemption, where the facts show that the complainant in the cross-bill or cross-petition is entitled to the same. *Davis* v. *American and Foreign Christian Union,* 100 Ill. 313.

It is next contended by appellant that the holder of a certificate of sale in a foreclosure suit must take a deed within five years after the expiration of the period of redemption or such certificate will be absolutely void, and that thereafter neither the holder of the certificate of sale nor the mortgagee has any interest in the premises, and that without payment of the mortgage the entire interest in the premises will in every case revert to the mortgagor or his assigns freed from any and all claims under the mortgage or under the foreclosure sale, either in law or in equity. It is not in every case in which a deed is not taken within five years after the expiration of the period of redemption that the certificate is void, for section 30 of chapter 77 of our statutes provides: "But if such deed is wrongfully withheld by the officer whose duty it is to execute the same, or if the execution of such deed is restrained by injunction or order of a court or judge, the time during which the deed is so withheld or the execution thereof restrained shall not be taken as any part of the five years within which said holder shall take a deed." (Smith's Stat. 1923, p. 1235.) In such event the circuit court has jurisdiction to order the master in chancery to execute and deliver such deed to the purchaser. *Davis* v. *American and Foreign Christian Union, supra.*

Where the court has jurisdiction of the parties and of the subject matter in controversy and enters a final order or decree, and that order or decree is not appealed from, it cannot thereafter be collaterally attacked. Jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill or petition states a case belonging to the general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void. If the court had jurisdiction, it is altogether immaterial, when the judgment is collaterally called in question, how grossly irregular or manifestly erroneous its pro-

ceedings may have been. The judgment cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. (*Miller* v. *Rowan,* 251 Ill. 344.) This is true even though in the particular case the complainant is not entitled to the relief sought. (*O'Brien* v. *People,* 216 Ill. 354.) The final decision from which an appeal lies does not mean, necessarily, such decision or decree, only, which finally determines all the issues presented by the pleadings, but also applies to a final determination of a collateral matter distinct from the general subject of litigation affecting only the parties to the particular controversy and finally settling that controversy. Such an order is final and appealable. *Terry* v. *Sheran,* 131 U. S. 46; *Hemphill* v. *Collins,* 117 Ill. 396; *Mutual Reserve Fund Life Ass'n* v. *Smith,* 169 id. 264; *City of Park Ridge* v. *Murphy,* 258 id. 365; *Bailey* v. *Conrad,* 271 id. 294; *Sebree* v. *Sebree,* 293 id. 228.

While the finding part of the decree of September 27, 1917, is inconsistent, in that one portion of the decree recites that the deed was never delivered but became lost or destroyed, and another portion finds that the master in chancery "issued a deed conveying, as master in chancery, the above described property to the said Dora Hageman," and also finds "that the time of the application for the issuance of said deed and the time of the issuance of said deed were less than five years from the time when by the terms of the said certificate of sale the purchaser was entitled to said deed, and said deed was issued in apt time," the decree does not provide for the delivery of the old deed or the simple making of a new deed but directs the master in chancery to restore the lost deed, and to that end to execute and deliver to the petitioners a master's deed, to bear date the 26th day of April, 1906, conveying to Dora Hageman, her heirs and assigns, the property in question, "said deed to contain in apt words reference to the said certificate of sale upon which it was founded, and to further state that it is executed to restore the lost deed previously issued upon said certificate

of sale, in accordance with the decree of this court." The word "issue" means something more than the mere writing out of the deed and placing it among the files in the master's office, but it imports as well such a delivery as would give validity to it. (*Pease* v. *Ritchie*, 132 Ill. 638.) The petition was for the restoration of a lost deed which had been issued upon the certificate of sale,—*i. e.*, for the restoration of a valid deed. The order was for the restoration of a lost deed which had been "issued in apt time,"—*i. e.*, for the restoration of a valid deed.

The right to have the title to real estate appear properly on the record is a substantial property right which the law guarantees to a land owner, and therefore equity will entertain the suit of a grantee of real estate to decree the restoration of a lost deed when such relief is necessary for the protection of his rights in respect to the land granted, and will restore the deed even if no other relief be demanded by the bill, provided the rights of others will not thereby be violated. (17 R. C. L. 1170.) When a lost deed is restored by the making of a new deed by the master in chancery under the order of court, the new deed does not take effect from the time it is made but relates back to the time of the making of the lost deed and gives effect and validity to such lost deed. In the present case the circuit court of Cook county, when it entered the decree of September 27, 1917, had jurisdiction of the parties (appellees having filed their petition and appellant having submitted herself to the jurisdiction of the court by filing her answer thereto denying the matters of fact set up in the petition) and of the subject matter, and it heard evidence and entered a decree disposing of the petition. The petition did not ask for the registration of title in appellees, but was simply a petition for the restoration of a lost deed. The decree was solely for the restoration of a lost deed. It was the final determination of a collateral matter distinct from the general subject of litigation. It affected only the parties to the

particular controversy and finally settled that controversy and was a final and appealable order. (See authorities above cited.) No appeal was taken from the decree, and whether erroneous or not it cannot be regarded as a nullity and therefore be collaterally impeached. *Miller* v. *Rowan, supra; O'Brien* v. *People, supra.*

Sections 31 and 32 of chapter 77 of our statutes prescribes the form and effect of a master's deed. Such a deed conveys to the grantee therein named all the title, estate and interest, of every nature and kind, of the person against whom the execution was issued or the decree of foreclosure rendered in and to the premises thereby conveyed. (*Morey* v. *Brown,* 305 Ill. 284.) Here the deed upon its face shows that it was issued to restore a former deed which had been issued by the master in chancery in apt time. Where papers are required by law to be issued, their recitals are *prima facie* evidence of the facts recited therein. *Tarbox* v. *Eastern Steamboat Co.* 50 Me. 339; *Ross* v. *Maine Central Railway Co.* 114 id. 287.

The decree of the circuit court registering the title of the premises in question in appellees was not only technically correct, but to have allowed the title to be registered in appellant would have been contrary to equity and good conscience. (*Bruschke* v. *Wright,* 166 Ill. 183; *Walker* v. *Warner,* 179 id. 16.) At the time of the entry of the decree of foreclosure J. Walter Phelps held the legal title to the real estate in question subject to the trust deed foreclosed. When he became the holder of that title, whether before the commencement of the foreclosure proceedings or thereafter, is not disclosed by the record. On December 21, 1905, Phelps and his wife, Bella E., conveyed their interest in the premises to appellant, Ida Wyman. This deed was made to her after the master in chancery's sale, of which she had constructive notice, and about one month before the expiration of the mortgagor's right of redemption under such sale. What she paid for this title and when the

deed was in fact made is not disclosed by the record. It was not filed for record in the recorder's office of Cook county until September 6, 1906. She never redeemed from the sale and never took either actual or constructive possession of the premises. She allowed Dora Hageman, who had constructive possession of the premises, to pay all the taxes and special assessments levied on the premises during her lifetime, and has not, either in these proceedings or at any other time or place, offered to reimburse Dora Hageman or appellees for such expenditures. At the time of her acquiring title all that she acquired was a right to redeem in equity, which right must be asserted in a court of equity and be governed by equitable principles. Such right may be lost unless it is asserted within a reasonable time and before the situation of the parties has changed or the rights of third parties have intervened and improvements been made. (*Walker* v. *Warner, supra.*) By the decree in the present case appellant is given one year within which to redeem from the foreclosure sale. Under the evidence, if either party has a right to complain of the provisions of the decree registering the title it is appellees and not appellant.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE DUNN, dissenting:

I do not agree with this opinion. The proceeding was an application for the registration of title under the Torrens law, and in my judgment the court had no authority, on the petition of the heirs of Dora Hageman filed in that proceeding, to make the order of September 27, 1917, as a final determination of the cause. That order did not purport to be a final disposition of the proceeding to register title, but was subject to be reconsidered, revised, modified or vacated on the final hearing of the application for registration, which was still pending, according to the judgment of the court at that time. In my opinion the order of

September 27, 1917, was contrary to the evidence in the case and was not justified by the law, but the opinion holds that the court at the final hearing could not consider the evidence but was bound by the previous interlocutory order, and in this, I think, is in error.