(No. 31125.—

WILLIAM HART, Appellant, *vs.* MELVIN A. BROWN *et al.*— (MELVIN A. BROWN, Appellee.)

*Opinion filed November 22, 1949—Rehearing denied Jan. 12, 1950.*

STANLEY WERDELL, of Chicago, for appellant.

HARRY A. BIOSSAT, of Chicago, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

A freehold being involved, this appeal comes directly from the superior court of Cook County to reverse that court in striking the complaint of appellant, William Hart, from the files and dismissing the suit on motion of appellee, Melvin A. Brown.

Appellant filed complaint October 18, 1948, in the superior court against appellee, the Bailiff of the Municipal Court of Chicago and "Unknown Owners." The object of his suit was to have the bailiff's deed to the premises in question, executed in favor of appellee, held void and set aside:

August 1, 1929, the real estate involved, known as 1435-37-39 N. Ashland Avenue, Chicago, was owned by Pauline Kochanski, a widow. On that day she executed a trust deed securing bonds aggregating the sum of $25,000. She thereafter transferred the title and defaulted in payments, whereupon foreclosure proceedings were begun and all necessary parties were brought into that suit. The premises were sold in that proceeding to appellant and he

received a master's certificate of sale. Parties entitled to redeem within the twelve months' period failed to do so. On the last day for redemption prior to the expiration of fifteen months from the date of sale, a judgment was obtained in the municipal court of Chicago against Pauline Kochanski in favor of appellee, who on the same day redeemed the premises from the foreclosure sale after having deposited the required sum with the bailiff of said municipal court. After the bailiff's sale, a deed was issued to appellee which was duly recorded.

The bailiff's deed and the proceedings leading up to it are challenged by appellant upon the ground that the municipal court did not have jurisdiction of the subject matter because appellee's judgment in the municipal court, it is argued, was obtained upon two of the bonds secured by the trust deed which had become merged in the deficiency judgments entered in the foreclosure proceedings after the premises failed to bring enough to discharge the indebtedness. It is also argued that there was fraud in the municipal court proceedings in that the court was not advised that the two purported bonds were a part of the series involved in the foreclosure proceedings, it being contended that the deficiency decree barred a subsequent suit between the same parties and their privies upon the same cause of action, and that the doctrine of estoppel by former recovery,—*res judicata,* applied.

On the other hand, appellee contends that the municipal court of Chicago had jurisdiction of the subject matter and the parties in the cause in which he procured judgment and that the judgment is valid unless attacked on the ground that it was fraudulently procured because there was no indebtedness, legal or equitable, between appellant and Pauline Kochanski, and that the judgment could not be collaterally attacked for insufficiency, defect or irregularity in the proceeding or because of any failure of Pauline

Kochanski to raise the bar of *res judicata* on the question of merger as a defense in appellee's suit.

The complaint, as abstracted, alleges a trust instrument, default and foreclosure, and that a certificate of sale in that proceeding issued in favor of appellant. The foreclosure suit was prosecuted by a successor trustee under the trust deed and the complaint recited that he was acting in his representative capacity with intent and purpose that all advantages obtained shall inure to the benefit of all owners of unpaid bonds in accordance with their rights as defined in the trust deed. The trust agreement contained a provision that the trustee shall be the representative of the bondholders. The original trustee, Northwestern Trust and Savings Bank, became involved, and Benjamin G. Kilpatrick was appointed successor trustee by order of court. It is alleged that William L. O'Connell became receiver for the original trustee and as such was the legal owner of the bonds subject to a pledge of his predecessor to the Reconstruction Finance Corporation, securing money which was borrowed from it.

The complaint charges that appellee's judgment is "purportedly predicated upon two unidentified bonds purportedly executed by said Pauline Kochanski" and that appellee's statement of claim recited that he was the owner of two first-mortgage real-estate gold bonds executed by defendant Kochanski each for $500, one due August 1, 1931, and the other due August 1, 1934, with interest, etc. The principal of the "purported" "unidentified" bonds and their due dates correspond with certain bonds secured by the aforesaid trust deed involved in the foreclosure proceedings, but these are the only facts alleged from which it might be inferred that the judgment was based upon any bonds covered by the said trust deed. There is no direct allegation that the purported and unidentified bonds were of the same issue as those involved in the foreclosure

proceeding. For aught that appears in the complaint, those bonds could have been of another issue secured by trust deed upon other property.

The complaint alleges that the judgment in the municipal court was entered prior to the time in which Pauline Kochanski was required to answer the suit; that the judgment appears to be of an arbitrary amount; that no copy of the bonds was attached to the statement of claim and that although the claim was barred by the statute, no such plea was filed.

The complaint further alleges that plaintiff verily believes that neither of the purported unidentified bonds or interest coupons was introduced in evidence or produced in court; that the judge who entered the judgment was not apprised of the fact that the purported bonds and interest coupons merged in the deficiency decree; that plaintiff further believes that no witnesses appeared and no testimony was taken either on behalf of the plaintiff or the defendant on the alleged trial of said cause; that because of the merger the municipal court had no jurisdiction of the subject matter and therefore said judgment is void; that on June 25, 1948, by order of the chief justice of the municipal court, the cause was placed on the pretrial calendar for September 14, 1948, on which day an order was entered extending the date of the pretrial conference to November 29, 1948. The complaint then alleges that appellee caused execution to issue on said judgment, and on August 12, 1948, the last day for creditors to redeem from the master's sale, he caused the bailiff to levy on the premises and that on the same day a certificate of redemption was issued and recorded, and thereafter the bailiff's deed in question to the premises involved was issued to appellee bearing date September 8, 1948, and was upon the same day recorded.

The complaint alleges that appellant is the owner of the master's certificate of sale issued in the foreclosure

proceeding; that he has not accepted any of the money so deposited with the bailiff; that he believes that appellee, by convenience rather than by inadvertence, omitted to identify the bonds upon which he predicated his suit; that they were both legally held and owned by the original trustee; that both were produced at the master's hearing and proved up by and on behalf of said successor trustee and that thereafter the amount due on said bonds was included in the deficiency decree entered in favor of the successor trustee on behalf of all the unpaid bonds.

The complaint further charges that the deficiency decree was unsevered and therefore the municipal court of Chicago had no jurisdiction to enter judgment on any bonds mentioned in said trust deed; that appellee has not acted on behalf of Pauline Kochanski nor any of her successors in title but claims to be the owner of the premises by virtue of the bailiff's deed. The complaint is quite lengthy, but the foregoing allegations as shown by the abstract are all that will be necessary to enumerate as bearing upon the points in question.

Fraud in connection with the judgment in the municipal court is not clearly and definitely charged under proper allegations. Many of the allegations are but conclusions of the pleader and others are alleged under mere belief of the complainant. It will be noted that the complaint in many instances does not charge facts according to appellant's information and belief, but merely states that appellant believes certain facts to be true. A complainant who assails certain transactions as fraudulent must plead sufficient acts or facts relied upon to establish the fraud. *Ravlin* v. *Chicago, Aurora and DeKalb Railroad Co.* 397 Ill. 130; *Dexter* v. *McAfee,* 163 Ill. 508.

The complaint does not set forth sufficient facts to show fraud in procuring the Brown judgment. It is not fraud for a mortgage debtor to confess a judgment for the express purpose that it be used to effect a redemption.

(*Williams* v. *Williston,* 315 Ill. 178.) Our Judgments Act (Ill. Rev. Stat. 1947, chap. 77, par. 20,) provides for redemption by a judgment creditor within three months after the expiration of twelve months from date of sale without redemption having been made by others entitled to redeem, and it has been held that that statute should be liberally construed to the end that the property of the debtor may pay as many of the debtor's liabilities as possible. (*Nudelman* v. *Carlson,* 375 Ill. 577; *Strauss* v. *Tuckhorn,* 200 Ill. 75; *Whitehead* v. *Hall,* 148 Ill. 253.) The policy of the law is to encourage redemptions rather than to suppress them. *Karnes* v. *Lloyd,* 52 Ill. 113; *Phillips* v. *Demoss,* 14 Ill. 410.

A judgment by a court having jurisdiction of the parties and the subject matter cannot be collaterally attacked for insufficiency, defects or irregularities in the proceedings. (*Wyman* v. *Hageman,* 318 Ill. 64; *Hoit* v. *Snodgrass,* 315 Ill. 548.) Nor is the doctrine of *res judicata* applicable against or in favor of anyone not a party or privy. *People ex rel. Chicago Bar Ass'n* v. *Amos,* 246 Ill. 299; *First Nat. Bank* v. *Peoria Watch Co.* 191 Ill. 128.

The complaint before us does not properly raise any question with reference to any lack of consideration upon which the Brown judgment was based, nor does it charge any conspiracy between Pauline Kochanski and appellee. The municipal court has jurisdiction of suits on contracts without limitation as to amount. The parties to the judgment were properly before it and there is nothing in the complaint charging definitely upon what its judgment was based. In the absence of a specific charge to that effect, we cannot infer that the judgment was based upon some matter over which the court had no jurisdiction. Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. (*O'Brien* v. *People ex rel. Kellogg*

*Switchboard and Supply Co.* 216 Ill. 354.) Jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill or petition states a case belonging to the general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void. *Wyman v. Hageman,* 318 Ill. 64.

Appellant's complaint does not allege sufficient facts upon which we can hold the judgment of the municipal court void for lack of jurisdiction. Other points raised need not be discussed. Appellee was a judgment creditor and, under the statute aforesaid, was entitled to redeem. The order of the superior court striking the complaint and dismissing the suit is therefore affirmed.

*Order affirmed.*