Roosevelt Federal Savings and Loan Association of St. Louis, a Corporation of the United States of America, Plaintiff-Appellee, v. Sugar Hollow Apartments, Inc., a Delaware Corporation, Defendant-Appellee, Russel J. Lesperance and Virginia K. Lesperance, Defendants-Appellants, Mortgage Associates, Inc., A. J. Cargnino Construction Co., Inc., Wellers, Inc., Cape Paint and Glass, Inc., and Unknown Owners, Defendants-Appellees.

Gen. No. 67–111.

Fifth District.

August 22, 1968.

Rehearing denied October 22, 1968.

C. Robert Hall, of Carbondale, for appellants.

Bill F. Green, of Carbondale, and Earl S. Hendricks, Jr., of Murphysboro, for appellees.

MORAN, J.

Defendants, Russel J. Lesperance and Virginia K. Lesperance, appeal from decrees of foreclosure of two mortgages and security agreements on two separate dormitories for housing of students at Southern Illinois University at Carbondale and the furnishings in each. In its decrees of foreclosure of each mortgage and security agreement, the trial court ordered issuance of deeds upon the sale and approval of the sale of the mortgaged properties and adjudged defendant, Russel J. Lesperance, not to be a judgment or decree creditor of the mortgagor, Sugar Hollow Apartments, Inc. Appellants allege error in this last holding of the trial court and urge that Russel J.

Lesperance is a judgment creditor of the mortgagor and pursuant to chapter 77, sections 18a and 20, Ill Rev Stats, 1967, has a statutory right to redeem the foreclosed properties.

On March 3, 1967, appellee, Roosevelt Federal Savings & Loan Association, filed its complaints for foreclosure of two mortgages and two security agreements given as security for two notes in the principal sum of $306,000 each. Except for the legal description of the property described in the mortgages (two dormitories for the housing of students at Southern Illinois University), both cases are identical and were consolidated for the purpose of trial and appeal. In each case, Roosevelt Federal Savings and Loan Association, of St. Louis, is the mortgagee and Sugar Hollow Apartments, Inc., is the mortgagor. Each note was cosigned by the mortgagor, Sugar Hollow Apartments, Inc., and by defendants Russel J. Lesperance and Virginia K. Lesperance, individually. Russel is president of Sugar Hollow Apartments, Inc., and he and his wife, Virginia, are the owners of all the stock of the corporation. The mortgagor waived its right of redemption in each mortgage.

The corporation caused to be built on land owned by it, three student dormitories which are involved in this litigation. Dormitory No. 3 is located at 506–510 South Hall Street, Carbondale, Illinois. Dormitory No. 4 is located at 502 South Hall on Lots 17, 18 and 19 in Bayless Field Addition to the City of Carbondale. Dormitory No. 5 is located at 503 South Graham Street, on Lots 28, 29 and 30 in Bayless Field Addition to the City of Carbondale.

Title to Dormitory No. 3 is held by the First National Bank of Murphysboro, Illinois, in an Illinois Land Trust designated Trust No. 86. Prior to certain assignments which will be discussed subsequently, the beneficial interest in the land trust was owned exclusively by Sugar Hollow Apartments, Inc. Russel Lesperance, individually, owned no interest in the land trust.

319

Although the fee title to Dormitory No. 4 and Dormitory No. 5 was held by Sugar Hollow Apartments, Inc., the property was mortgaged to plaintiff-appellee, Roosevelt Federal Savings and Loan Association to secure the two notes, each for $306,000, signed by the corporation and Russel Lesperance, individually.

On or about December 23, 1965, A. J. Cargnino Construction Company, Inc., entered into a contract with Sugar Hollow Apartments, Inc., to construct Dormitories No. 4 and No. 5. Dormitory No. 3 had previously been completed and transferred to the Illinois Land Trust.

Before construction was started on Dormitories Nos. 4 and 5, Russel Lesperance advised A. J. Cargnino and James Weller, President of Weller's, Inc., another contractor working on the construction of the buildings, that there would be a shortage of funds to complete the dormitories. He requested that each contractor withhold $13,500 from their respective bills for construction on the dormitories. In lieu of payment, Russel Lesperance gave two personally signed notes for $13,500 each, to A. J. Cargnino Construction Company, Inc., and two additional personal notes in the individual amount of $13,500 to Weller's, Inc., all four of which were to be paid upon completion of construction.

When the dormitories were completed in September, 1966, there were inadequate funds to pay all of the contractors, subcontractors, and materialmen, so Russel Lesperance exchanged the four notes signed by him individually for four new notes, each signed by Sugar Hollow Apartments, Inc., and by Russel J. Lesperance, individually, dated September 30, 1966. As security for these new notes, Sugar Hollow Apartments, Inc., executed a second mortgage on Dormitories No. 4 and No. 5 to A. J. Cargnino Construction Co., Inc., and Weller's, Inc.

Sugar Hollow Apartments, Inc., and Russel and Virginia Lesperance then defaulted on their January 1, February 1 and March 1, 1967, installment payments to

320

Roosevelt Federal Savings and Loan Association, who thereafter instituted foreclosure proceedings on the mortgage. After the foreclosure suits were filed, Cargnino, Weller and Russel Lesperance entered into an agreement on May 13, 1967, to replace two of the notes dated September 30, 1966, which were signed by Sugar Hollow Apartments, Inc., and Russel Lesperance, individually, for two new notes which the parties intentionally backdated to September 30, 1966, and which were signed only by Sugar Hollow Apartments, Inc. A. J. Cargnino and James Weller each transferred to Russel Lesperance one of the old notes for $13,500, and he in turn delivered to each of them a new note for the same amount signed solely by Sugar Hollow Apartments, Inc. Then, however, in consideration of an assignment to each contractor of 20% of the beneficial ownership of Land Trust No. 86 owned by Sugar Hollow Apartments, Inc., plus additional consideration, Cargnino and Weller surrendered the two new notes to Russel Lesperance, individually.

· About the same time, a similar transaction was conducted between appellant and Carl Jones, owner of Pioneer Wholesale Company, whereby 10% of the beneficial interest of the land trust was exchanged for a note held by Mr. Jones on an obligation from Sugar Hollow Apartments, Inc.

On May 15, 1967, Russel Lesperance secured judgments against Sugar Hollow Apartments, Inc., by confession on all three of the notes which had been assigned to him by A. J. Cargnino, James Weller and Carl Jones. Thereafter, defendants-appellants, Russel and Virginia Lesperance, set up an affirmative defense to the foreclosure suit based upon these judgments. Issue was joined in the trial court upon the question whether Russel Lesperance was a judgment creditor of Sugar Hollow Apartments, Inc. On July 12, 1967, the court entered its order foreclosing the mortgages and security agreements on Dormitories No. 4 and No. 5 and finding that the judg-

ments alleged in the affirmative defenses were not valid judgments and held that Russel J. Lesperance was not a judgment or decree creditor of Sugar Hollow Apartments, Inc.

■ Both appellee and appellants agree that sections 18a and 20, chapter 77, Ill Rev Stats 1967, govern the issues on the instant appeal. These sections provide that a judgment creditor of a corporation which has waived its rights of redemption may redeem from a mortgage foreclosure sale within three months after the sale. Further, appellee concedes that it is proper for a mortgagor to confess a judgment for the sole purpose of permitting redemption by the creditor, when the judgment is based upon a bona fide indebtedness owing from the mortgagor. Hart v. Brown, 404 Ill 498, 89 NE2d 370; Nudelman v. Carlson, 375 Ill 577, 32 NE2d 142.

Appellants, however, contend that the judgments which were confessed against Sugar Hollow Apartments, Inc., in separate proceedings by a court having jurisdiction of the parties and subject matter and upon which defendant Russel Lesperance asserts his claim of being a judgment creditor, may not be collaterally attacked for insufficiencies, defects, or irregularities in the proceedings. Hart v. Brown, supra, is cited by the appellants for the foregoing proposition, but it is significant to note the language of the Supreme Court at 504-505 of 404 Ill, wherein they remarked: "The complaint before us does not properly raise any question with reference to any lack of consideration upon which the Brown judgment was based . . . . Appellant's complaint does not allege sufficient facts upon which we can hold the judgment of the municipal court void for lack of jurisdiction."

■ We believe the law is that a judgment or decree which is procured through fraud of either of the parties or by collusion of both of the parties for the purpose of defrauding some third party is open to attack whenever

322

and wherever it may come in conflict with the rights or interests of third persons. Bernero v. Bernero, 363 Ill 328, 2 NE2d 317; Green v. Hutsonville Tp. High School Dist. No. 201, 356 Ill 216, 190 NE 267; Wing v. Little, 267 Ill 20, 107 NE 875.

■ Appellants next argue that the three notes upon which Russel Lesperance confessed judgment against Sugar Hollow Apartments were for a bona fide indebtedness of the corporation and therefore such judgments were without fraud. "There is little doubt that a judgment obtained where there is no debt for the purpose of making redemption is fraudulent and void." Balaszek v. Blaszak, 405 Ill 36, 43, 89 NE2d 796, 800.

■ Appellants urge that although part of the consideration advanced to Cargnino, Weller and Jones for the surrender by them of notes made by Sugar Hollow Apartments, Inc., was property belonging to the corporation—namely, the beneficial interest in Land Trust No. 86, that nevertheless these parties never considered the three notes as paid when they signed them over to Russel J. Lesperance. In effect, appellants claim a bona fide debt of Sugar Hollow Apartments, Inc., still remained on the three notes delivered to Mr. Lesperance after the corporation assigned 50% of its beneficial interest in the land trust to Cargnino, Weller and Jones. We cannot agree. Since the major consideration for the alleged assignment of these three notes to the defendant, Russel Lesperance, was owned and furnished by the sole maker of the note, Sugar Hollow Apartments, Inc., the debt due from the mortgagor had been paid and there was, in fact, no consideration for the assignment. "Where one person is obligated to pay money to another, a payment made in any mode or with any medium satisfactory to the payee, if such payment is received as a satisfaction of the demand by the payee, is equivalent to and will be treated as pay-

ment in cash." Weger v. Robinson Nash Motor Co., 340 Ill 81, 89, 172 NE 7.

Contrary to appellants' contention that the creditors of the corporation never considered the notes as paid when they signed them over to Mr. Lesperance, is the testimony of A. J. Cargnino. In response to cross-examination on the matter by counsel for appellants, Mr. Cargnino stated: "All I know is that we wanted to collect our $54,000 and he (Mr. Lesperance) was willing to give me twenty percent (referring to the beneficial interest in the land trust), plus some other considerations that we have an agreement for, and we signed it to him. Now what he wants to do with that note, that is up to him. I have no say so." (Clarification added.)

■ ■ Upon this evidence, in our opinion, the trial court properly found that the original notes of September 30, 1966, which were executed by the corporation and Russel Lesperance, individually, were paid by the corporation and there was no debt to support the alleged assignment of the three new notes (signed solely by the corporation) to Mr. Lesperance. Accordingly, the trial court correctly found that Russel J. Lesperance was not a judgment creditor of Sugar Hollow Apartments entitled to a right of redemption under chapter 77, sections 18a and 20, Ill Rev Stats 1967. Since the trial court heard the evidence, observed the witnesses and its judgment is amply supported by the evidence, we shall not disturb the decree. Willis v. Rich, 30 Ill2d 323, 196 NE2d 676.

■ Appellee moves that this court enter a judgment for deficiency based on the trial court's refusal to do so after the judicial sale of the properties and while this appeal was pending. This motion is denied because the order of the trial court denying the judgment for deficiency was entered after this matter was appealed and is therefore not a proper subject for us to consider on this appeal. Wolcott v. Village of Lombard, 387 Ill 621, 57 NE2d 531.

Since we have considered the merits of the appeal, it is not necessary to consider the two counts of appellee's motion to dismiss the appeal.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.