(No. 33059.— ▮▮▮▮▮▮▮▮)
CHARLES W. GOUGH *et al.,* Appellants, *vs.* CLARENCE GOBLE *et al.,* Appellees.

*Opinion filed March 17, 1954—Rehearing denied May 19; 1954.*

HARRY I. HANNAH, of Mattoon, (JOSEPH P. SMITH, JR., of counsel,) for appellants.

MASSEY, ANDERSON & GIBSON, of Paris, (EARL R. ANDERSON, of counsel,) for appellees.

Mr. Justice Maxwell delivered the opinion of the court:

This case comes to us on appeal from a decree of the circuit court of Edgar County which denied a mandatory injunction to compel defendants to remove an obstruction from their land which allegedly impeded the natural flow of water from plaintiffs' land. The case involves the question of whether defendants' land was subjected to a perpetual easement of drainage in favor of plaintiffs' land, and a freehold is therefore involved. The appeal was properly taken directly to this court. *Funston* v. *Hoffman,* 232 Ill. 360.

Plaintiffs own 160 acres of farm land in Edgar County and defendants own 141 acres situated immediately to the south of plaintiffs' land. The portion of plaintiffs' land with which the present suit is concerned lies immediately to the west of a certain north and south road and immediately north of a certain east and west road. Defendants' land is also bounded on the east by the same north and south road and on the north by the same east and west road. Approximately 600 feet north of the road, a ridge runs across plaintiffs' land in a general east and west direction and plaintiffs' land slopes generally from north to south from that ridge to the road so that all of the surface water falling upon plaintiffs' land south of the ridge flows south to the road. There are two culverts under the road through which the surface water passes to defendants' land. The eastern culvert is an 18-inch tile approximately 850 feet west of the intersection of the two roads, and the western culvert is a 12-inch tile approximately 900 feet west of the east culvert. Water passing through these culverts naturally flowed south across defendants' land to a drainage ditch at the southern end of defendants' land. Obstructions had been placed on defendants' land immediately to the south of both of these culverts and plaintiffs sought by their suit to compel the removal of these obstruc-

tions which, it was alleged, obstructed the natural flow of water from plaintiffs' land over defendants' land.

The trial court granted plaintiffs relief as to the western culvert but refused to order the removal of the obstruction to the eastern culvert except insofar as the obstruction was above the natural level of the surrounding land. This appeal involves only the question of whether the trial court erred in refusing to order the obstruction to be further lowered in front of the eastern culvert.

There is a fall of approximately 10 feet from the ridge on plaintiffs' land to the bottom of the eastern culvert. This culvert is set deep in the road so that its bottom is almost two feet lower than the surrounding land at the southern boundary of plaintiffs' land. Thus the water running south from the ridge falls about eight feet in approximately 600 feet and then drops abruptly to pass through the culvert across the road. At the point where the culvert emerges on the south side of the road, the bottom of the culvert is also approximately two feet lower than the general level of defendants' northern property line. The dam in front of the eastern culvert is composed of rocks and earth and is located on defendants' northern property line, immediately in front of the culvert opening. It is 10 or 15 feet long, from east to west, about two feet wide and originally a foot or more higher than the level of the surrounding ground. However, at the time of the suit a portion of the dam had been removed so that the top of the dam was then almost level with the ground to the east and west of the dam. There were some protruding rocks on top of the dam and the decree of the trial court ordered defendants to either remove these rocks or pound them down so that the top of the dam would be no higher than the surrounding ground. Thus we have a situation where the water emerges from the culvert onto defendants' land at a level two feet lower than the general level of defendants' land at its northern boundary and is met by an ob-

struction on defendants' land which is no higher than the general level of the surrounding ground but is two feet above the level where the water comes on to defendants' land. Plaintiffs contend that defendants have no right to place any obstruction in front of the eastern culvert above the flow line of the water at the point where it comes on to defendants' land. Defendants contend that they are entitled to maintain the dam in front of the eastern culvert so long as it is not maintained at a height greater than the surrounding ground.

There is little dispute as to the law. Where water from one tract of land falls naturally upon the land of another, the owner of the lower land must suffer the water to be discharged upon his land and has no right to stop or impede the natural flow of the surface water. (*Town of Nameoki* v. *Buenger*, 275 Ill. 423; *Pinkstaff* v. *Steffy*, 216 Ill. 406.) The culvert under the road has been there for more than 40 years and defendants' land must suffer the water from plaintiffs' land to be discharged through this culvert. For more than 40 years the surface waters from plaintiffs' land have passed through the culvert and emerged upon defendants' land at a point almost two feet lower than the general level of defendants' land along its northern boundary and plaintiffs have the right to have the flow of surface water continue, unimpeded by any obstruction. Defendants contend on this appeal that the flow of water is not impeded, but this contention cannot be sustained, for the dam was obviously built and maintained for some purpose, and the defendant Clarence Goble admitted at the trial that the purpose was to keep the water from running on to his land. Defendants say that all they have done is restore the land to its natural level. However, the natural level of the ground in the *vicinity* of the southern opening of the eastern culvert is not the material factor. The fact is that at the point on defendants' land where the culvert opened on to the land, the earth had been lowered over the course of the

years due to the action of the water from the culvert. Defendants had no right to place an obstruction immediately in front of the culvert to impede the flow of the water therefrom, for plaintiffs are entitled to have the water from their land flow through the culvert and on to and across defendants' land without any obstruction.

The decree of the circuit court of Edgar County is reversed and this cause is remanded to that court with directions to enter a decree requiring the defendants to remove all rocks or other obstructions placed on or in their land and to restore the surface level of their land at the outlet of the east culvert to its original level existent prior to the construction of any dam and enjoining the defendants from in any manner obstructing the natural flow of the water.

*Reversed and remanded, with directions.*

Mr. Justice Bristow took no part in the consideration or decision of this case.