Mary Ellen Bellatti and Louis Marsden Bellatti, Plaintiffs-Appellants, v. Elmer Allspach, et al., Drainage Commissioners of Union Drainage District No. 1, Towns of Lanesville and Illiopolis, Sangamon County, Illinois, and Union Drainage District No. 1, Towns of Lanesville and Illiopolis, Sangamon County, Illinois, a Municipal Corporation, Defendants-Appellees.

Gen. No. 10,741.

Fourth District.

January 12, 1967.

Rehearing denied February 6, 1967.

Londrigan & Londrigan, of Springfield (James T. Londrigan, of counsel), for appellants.

Armstrong, Winters, Prince & Tenney, of Decatur (Thomas H. Armstrong and Harold F. Tenney, of counsel), for appellees.

CRAVEN, P. J.

Plaintiffs appeal from denial of equitable relief by the trial court. Plaintiffs sought a mandatory injunction requiring the defendants to repair a breach in a 27-inch tile. The breached tile is a part of a former sewer system constructed by the United States Government at the time it owned all the land, including the plaintiffs', through which the tile runs. The Government sold all the land in parcels following World War II. Over the years the sewer system was no longer maintained but the tile became important to the landowners as a method of draining the land. Because the tile was completely enclosed, the other field-tile systems on other lands which drained into it added water to that which naturally percolated into the main 27-inch tile. The drain then acted as a hose, keeping water in the drain clear to the end of the tile regardless of the elevation of the ground through which the drain passed from the south to the north. Plaintiffs became accustomed to tapping this water supply for irrigation purposes during the dry season.

The original outlet for the tile was to the north of the plaintiffs' land but the evidence clearly shows that there is a low spot to the south of the plaintiffs' land where the breach occurred.

The breach was ordered by the defendants, drainage commissioners of Union Drainage District No. 1, who

caused the breach of the drain in question to construct a drainage ditch running east-and-west to the south of the plaintiffs' property through the natural low spot.

Plaintiffs base their claim upon certain provisions of the Drainage Code (Ill Rev Stat 1965, c 42, § 1 et seq.), and particularly § 2–10 of that Code, which provides:

> "Drains and levees deemed to be for the mutual benefit of the lands connected or protected shall constitute a perpetual easement on such lands and shall not be filled, obstructed, breached or impaired in any way without the consent of the owners of all such lands."

The applicability of the Drainage Code to this former sewer and the right of the plaintiffs to a perpetual easement for drainage purposes therein were resolved in favor of the plaintiffs by the court below, and such findings are not an issue here. The sole question is, did the plaintiffs secure by the operation of the statutory language quoted above, a right to the integrity of the drain in question on lands below the plaintiffs' land? As stated by the trial court:

> "The issue thus resolves itself as to whether or not the cutting of the tile constituted a breach or impairment of a drain deemed to be for the mutual benefit of all lands connected thereto in which the plaintiffs had a perpetual easement. . . ."

In resolving this issue against the plaintiffs the trial court reasoned that the easement granted by the Code was a drainage easement, which means an easement for the purpose of carrying water away from the plaintiffs' land. The easement was not interfered with by the action of the defendants. The trial court relied upon statutory definition of "drain" in sec 1–2(d) of the Act, which states:

" 'Drain' includes ditch and means any water course or conduit, whether open, covered or enclosed, natural or artificial, or partly natural and partly artificial, by which waters coming or falling upon lands are carried away."

Until the tile in question was breached, the plaintiffs were receiving a benefit incidental to the method of construction of the tile which caused water to flow through the plaintiffs' land from lower lands to the south of the plaintiffs' in defiance of the natural flow of water in open ditches. Plaintiffs contend that since the effect of the tile was to drain all these lands, the breach in question was a change or an obstruction of the course of the drain. Plaintiffs cite several cases they deem applicable including Anastaplo v. Radford, 14 Ill2d 526, 153 NE2d 37 (1958); Ariola v. Nigro, 16 Ill2d 46, 156 NE2d 536 (1959); Willis v. Rich, 30 Ill2d 323, 196 NE2d 676 (1964). In the cases relied upon, the obstruction or change interfered with the falling away of water from the complaining parties' land. There is no evidence, there is no contention, that the breach in question prevented, hindered or changed the course of the drain in question or interfered with the "falling away" of the waters on plaintiffs' land. The breach resulted only in a change in the direction of the flow of the water within the drain. According to the evidence, the drainage of the lands served by the tile was improved after the construction of the new ditch and the breach of the old drain. The facts in evidence here are clearly distinguishable from the facts relied upon by the Supreme Court in announcing the doctrine of the above-cited cases.

Plaintiffs are given no rights by the Code to a continuation of the existence of an unnatural flow of water. The purpose of the Code is to insure that waters will not ac-

47

cumulate on higher land because of the acts or omissions of landowners of lower elevation.

The trial court correctly held that sec 2–10 of the Act does not establish a right enforceable in equity in the plaintiffs to a continuation of the integrity of the tile in question upon the showing here made that the sole purpose for repair of the breach is to provide the plaintiffs with a water supply artificially created. In the absence of evidence of a hindrance of the drainage purpose of the tile that was breached, neither the language nor the intent of the Drainage Code has been violated here. The decision of the trial court is in complete accord with the Code.

Judgment affirmed.

SMITH and HOFFMAN, JJ., concur.